## SUPREME COURT.

### JONATHAN SEYMOUR agt. WILLIAM MERCER.

A *local officer* elected to discharge the duty of surrogate in a county, where there is an acting county judge and surrogate, (§ 1, *ch.* 306, *of Sess. Laws*, 1849—1 *R. S.* 4*th ed.* 314, § 18,) has all the powers of the county judge, which he could perform *out of court*, or at *chambers*, as well as all other powers, both of county judge and of surrogate, in case of inability or vacancy in the offices respectively.

Therefore, such local officer may grant an *order of arrest*, without regard to the questions whether the office of county judge was vacant, or his inability to act.

*It seems*, that there are no powers or duties appertaining to a county judge to be exercised *out of court*, but what appropriately fall under the denomination of *special cases.* However that may be, the granting of an *order of arrest* is clearly a special case.

*Cayuga Special Term, Nov.*, 1856.

MOTION by the defendant to vacate order of arrest.
The facts are stated in the following opinion.

GEO. O. RATHBUN, *for defendant.*
H. V. HOWLAND, *for plaintiff.*

WELLES, Justice.    The order of arrest was granted by C. W. Haynes, special surrogate of the county of Cayuga.    It appears that, at the time the order was granted, there was a county judge, and also a surrogate in and for said county—the offices being separate and held by different persons; that there was then no vacancy in the office of county judge, nor any inability on the part of that officer to perform his duties as such. Mr. Haynes was elected a local officer to discharge the duty of surrogate for Cayuga county, in pursuance of § 1 of *chap.* 306, of the *Sess. Laws of* 1849. (1 *R. S.* 4 *ed.* 314, § 18.)

The defendant's counsel claims that the local officers mentioned in the section referred to, have no power to act in any case, except where the office of county judge or surrogate is

vacant, or in case of the inability of the incumbents of those offices respectively to discharge their duties as such.

Section 15, of article six of the constitution, authorizes the legislature to provide for the election of local officers, not exceeding two in any county, "to discharge the duties of county judge and of surrogate, in cases of their inability, or of a vacancy, and to exercise such other powers in special cases as may be provided by law."

It is provided, by § 1 of *chap.* 108 of the *Sess. Laws of* 1851, (1 *R. S.* 4 *ed.*, 314, § 19,) that such local officers, in counties where there is no separate officer to discharge the duties of surrogate, shall be designated as special county judge; and in those counties where there is such separate officer, such local officers shall be designated as special county judge and special surrogate respectively; and that "such local officers, so elected to discharge the duties of county judge, or of county judge and surrogate, or to discharge the duties of surrogate in those counties where there shall be separate officers to discharge the duties of surrogate, *shall possess all the powers, and perform the duties which are possessed and can be performed by a county judge out of court,*" &c.   It is entirely clear that the legislature intended to confer upon these local officers, both special county judges and special surrogates, all the powers of the county judges which they could perform out of court, or at chambers, as well as all other powers both of county judge and of surrogate, in case of inability or vacancy in the offices respectively.   And this construction, I think is warranted by the provision of the constitution above referred to.

The only question there can be is, whether the act does not embrace a larger class of cases than the constitution contemplates.   The latter uses the expression, "such other powers in *special cases* as may be provided by law," while the language of the former is, "*all the powers,* and perform *all the duties* which are possessed and can be performed by a county judge *out of court.*"

I am not aware of any powers or duties appertaining to a county judge to be exercised out of court, but what appropri-

ately fall under the denomination of special cases. However that may be, the granting the order in question was clearly a special case. It was made under §§ 179, 180 and 181 of the Code : and the act of the legislature is valid, at least so far as it keeps within the scope of the powers granted by the constitution, or does not exceed the prescribed limits of that instrument.

My opinion, therefore, is, that Mr. Haynes possessed the power to make the order in question, without regard to the questions whether the office of county judge was vacant, or of the inability of the incumbent.

The motion is denied, but without costs.

NOTE.—The above decision was affirmed, on appeal, at the Monroe general term in December, 1856.