(20 App. Div. 512.)

### GRIFFIN v. BARTON.

(Supreme Court, Appellate Division, Third Department. September 28, 1897.)

JUSTICES OF THE PEACE—RECORD ON APPEAL—AMENDMENT.

    A petition, duly dated, was verified in proper form by the justice who issued the precept, except that the day of the month when verified was left blank; but the precept bore the same date as the petition, and the justice certified in his return to the county court that, before he issued process, a duly-verified petition was presented to him. *Held*, that the county court properly refused to order an amended return, showing when the petition was verified, the presumption being that it was verified the same day the precept was issued, and prior to the issuing thereof.

Appeal from Franklin county court.

Summary proceedings commenced in a justice's court by Jed H. Griffin to evict William Barton from premises occupied by him under a lease. Upon defendant's appeal to the county court, plaintiff moved for an order permitting the justice to file an amended return, specifying whether or not the petition was verified on the day it was filed, and prior to issuing the precept. The motion was denied, and plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Gordon H. Main, for appellant.
John P. Kellas, for respondent.

HERRICK, J. The return of the justice, already made, sets forth that "a petition, duly verified, having been presented to the undersigned justice of the peace, on behalf of and by Jed H. Griffin, landlord," etc. That is a statement that the petition was properly verified when it was presented to and used before him as a basis for the issuing of a precept. The petition itself is printed in the record before us, and from it it appears that it was sworn to before the justice who issued the precept in the action, and who made the return to the county court. His name is attached to it as the officer before whom the petitioner was sworn. The proper jurat is attached, except that the day of the month when it was verified is left blank. This does not, under the circumstances, render the verification defective. It is a mere formal error, of a kind which will, as a rule, be disregarded. Babcock v. Kuntzsch, 85 Hun, 33, 32 N. Y. Supp. 587. The petition is dated March 27, 1897, and the precept issued in pursuance of it is also dated March 27, 1897, and, the verification having been made before the justice who issued the process, and he having certified in his return that, before he issued the process, a duly-verified petition was presented to him, the court may fairly assume upon appeal that the date of its verification was the day upon which it was used, and caused the issuing of the process, to wit, the 27th day of March, 1897;

and, therefore, a further return is unnecessary, and the order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.