In the Matter of THOMAS B. RUDD, as District Attorney of Oneida County, Appellant, against FREDERICK H. HAZARD, Individually and as County Judge of Oneida County.

JOSEPH GEORGE, Respondent.

(Argued January 2, 1935; decided February 26, 1935.)

*Thomas Brown Rudd*, District Attorney (*Earl C. Bastow* of counsel), for appellant. The Special County Judge had no jurisdiction during the absence of the County Judge to act as such. (*Matter of Munger*, 10 App. Div. 347; *People ex rel. Sholes* v. *Supervisors*, 82 Hun, 105; *People ex rel. Snyder* v. *Hylan*, 212 N. Y. 236; *People ex rel. Western Union Tel. Co.* v. *Public Serv. Comm.*, 192 App. Div. 748; *Tucker* v. *Alexandroff*, 183 U. S. 424.) A plea of guilty to a crime charged in an indictment can only be taken at a duly constituted term of County Court. (Code Crim. Proc. §§ 296, 333, 335.)

*Leo O. Coupe* for respondent. The Special County Judge had jurisdiction to hold County Court in the absence of the County Judge from the State. (Laws 1849, ch. 306; Laws 1851, ch. 108; *Seymour* v. *Mercer*, 13 How. Pr. 564; *Aldinger* v. *Pugh*, 57 Hun, 180; 132 N. Y. 403; *Babcock* v. *Clark*, 23 Hun, 391; *Kinney* v. *Roberts & Co.*, 26 Hun, 166.) A plea of guilty to a crime charged in an indictment is not required to be taken only at a duly constituted term of County Court. (Civ. Prac. Act,

§ 70; Code Crim. Proc. § 45; *People ex rel. Woodin* v. *Ottaway,* 129 Misc. Rep. 120; 222 App. Div. 711; 247 N. Y. 493.)

CROUCH, J. On December 22, 1931, at a term of the Oneida County Court, duly appointed in accordance with sections 190, 191 and 192 of the Judiciary Law (Cons. Laws, ch. 30), the respondent was arraigned before the County Judge upon an indictment for assault in the first degree, and pleaded not guilty. At the close of that day the County Judge adjourned the term to January 5, 1932, at his chambers. From December 23, until after December 31, 1931, he was outside the State of New York. On December 28, 1931, the respondent, accompanied by his own counsel and by the then District Attorney representing the People, appeared before the Special County Judge and thereupon the following proceedings were had: The District Attorney read the indictment and asked respondent if he desired to change his plea thereto; the respondent through his counsel stated that he did desire to change his plea, and that he pleaded guilty to assault in the second degree. The Special County Judge then asked respondent if he had any legal cause to show why the judgment of the court should not be pronounced against him, to which respondent through his counsel replied that he had no legal cause to show, and thereupon the Special County Judge sentenced the respondent to be confined to the Oneida County Jail for one year and to pay a fine of $250. The judgment further provided that execution of the jail sentence should be suspended upon payment of $500 to the complainant who had been assaulted. The proceedings were entered in what purports to be the minutes of the Oneida County Court.

The authority of the Special County Judge so to act having been questioned, this mandamus proceeding was brought to compel the County Judge to expunge from the minutes of the court the proceedings taken before the

Special County Judge, and to proceed to trial upon the original plea of not guilty. The application was denied at Special Term. The Appellate Division unanimously affirmed. The appeal is here by permission of this court.

The Special County Judge has power to discharge the duties of the County Judge " in cases of vacancy or inability;" and, at all times, he possesses all the powers and may perform the duties which are possessed and can be performed by a County Judge " out of court." (Laws of 1849, chap. 306, as amd. by Laws of 1851, chap. 108; Const. art. VI, § 16; *Seymour* v. *Mercer*, 13 How. Pr. 564; *Kinney* v. *Roberts & Co.*, 26 Hun, 166, 172; app. dismissed, 89 N. Y. 601.)

The application herein was based upon two contentions: (1) That the temporary absence of the County Judge constituted neither vacancy nor inability; and (2) that even though the contrary were true, the proceedings were invalid because they were necessarily had before the Judge as such and not in open court at a regular or adjourned stated term thereof.

The decision below was that the absence of the County Judge created inability within the meaning of the Constitution and statute; and that " inasmuch as the record now before this Court shows that arraignment of Joseph George was taken before the County Court and entered upon its minutes and that his plea of guilty was ' put in by the defendant himself in open court,' " the proceedings so had were legal.

We may assume, without so deciding, that owing to the absence of the County Judge, the Special County Judge was vested with the full power and authority conferred by law upon the County Judge. Even so, we think his acts were beyond his jurisdiction, and hence invalid. The minutes of the court relied upon below as conclusively showing a session of the court before the Special County Judge, conflict with the fact, also no doubt shown by the minutes of the court, that the November term had, on

December 22, 1931, been adjourned to January 5, 1932, at the chambers of the County Judge. There was and there could be no court session of the County Court for criminal business on December 28, 1931. Section 70 of the Civil Practice Act does not close the gap. That section had its origin in section 31 of the Code of Procedure in 1848. The County Court then was and continued to be solely a civil court until the Constitution of 1894. The Court of Sessions was the county criminal court. The original purpose of the section was, and, so far as appears, its only present purpose is, to give the County Judge in certain matters powers which the Court of Chancery formerly possessed. (*Wilcox* v. *Wilcox*, 14 N. Y. 575; *Brown* v. *Snell*, 57 N. Y. 286, 292; and see Const. of 1846, art. VI, § 14.)

In any event, the proceedings before the Special County Judge were such as could be had only at a session of a regular or adjourned stated term. Those proceedings consisted of arraignment, plea and judgment. An arraignment must be . " before the court." (Code Crim. Proc. § 296.) A plea of guilty must be put in " in open court " (Code Crim. Proc. § 335), and " must be entered upon the minutes of the court." (Code Crim. Proc. § 333.) After a plea of guilty., judgment must be pronounced while the court is in session. (Code Crim. Proc. §§ 471, 472.) The Code provisions merely embody the immemorial usage of the common law. (2 Hale P. C. 216 *et seq.;* 4 Blackstone Comm. 322 *et seq.; Crain* v. *United States,* 162 U. S. 625; *People* v. *Frost,* 5 Park. Cr. Rep. 52.) A court, in the sense contemplated by that usage, has been described as " an organized body, with defined powers, meeting at certain times and places for the hearing and decision of causes and other matters brought before it, and aided in this, its proper business, by its proper officers, viz., attorneys and counsel to present and manage the business, clerks to record and attest its acts and decisions, and ministerial officers to execute its commands and

secure due order in its proceedings." (*People ex rel. Choate* v. *Barrett*, 9 N. Y. Supp. 321, 322; affd., 56 Hun, 351; affd., 121 N. Y. 678.) Publicity, not secrecy, in arraignment, plea and judgment is part of our tradition. It is deemed necessary not only for individual security but also in the public interest. (Judiciary Law, § 4; *Lee* v. *Brooklyn Union Pub. Co.*, 209 N. Y. 245, 248.) Only at stated terms where the general public is advised of the time and place of sessions, both regular and adjourned, is such publicity possible. (Cf. *People ex rel. Childs* v. *Extraordinary Trial Term*, 184 App. Div. 829.)

Since the matter is one of jurisdiction, the fact that all parties went voluntarily before the Special County Judge does not change the result. (*People ex rel. Battista* v. *Christian*, 249 N. Y. 314; *Owasco Lake Cemetery* v. *Teller*, 110 App. Div. 450.)

Finally, to the argument that inconvenience, delay and expense will, in some of the counties of the State, result from our decision, it is perhaps sufficient to point out the virtues of adjournment short of adjournment *sine die* (Judiciary Law [Cons. Laws, ch. 30], § 7; *Matter of Reynolds* v. *Cropsey*, 241 N. Y. 389); or of the appointment under Judiciary Law, section 190, of stated terms one day each week for the transaction of all business not requiring the presence of a jury.

The orders should be reversed and the motion for an order of mandamus granted, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur.

Orders reversed, etc.