G. Wellington Douglas, Appellant, *v.* State of New York, Respondent. (Claim No. 27822.)

Third Department, June 29, 1945.

*Albert Jakobson,* attorney (*Benedict R. Rosenfeld* of counsel), for appellant.

*Nathaniel L. Goldstein, Attorney-General (Orrin G. Judd, Solicitor-General; John R. Davison, Assistant Attorney-General,* of counsel), for respondent.

Heffernan, J. This is an action for damages for the alleged **false** imprisonment of the claimant in the St. Lawrence State

Hospital, a hospital for the insane owned and operated by the State at Ogdensburg, N. Y.

On January 6, 1944, the Special Surrogate of St. Lawrence County made an order adjudging claimant insane and directing that he be committed to the St. Lawrence State Hospital. Annexed to the order of commitment was the petition of claimant's wife setting forth facts upon which the application was based and a certificate of two qualified examiners in lunacy stating that claimant was mentally sick and a proper subject for custody and treatment in some institution for mental diseases, and also a certificate of the Special Surrogate dispensing with personal service on claimant on the ground that it would tend to excite him and prove detrimental to his best interests.

Claimant was detained in the State Hospital until July 13, 1944, at which time a contested hearing was had in the Supreme Court as a result of which Mr. Justice RYAN ordered his discharge on the ground that he was then sane.

Claimant instituted this action against the State on the theory that his commitment was illegal and void, because, as he asserts, the Special Surrogate had no jurisdiction to make the order for the reason that at the time it was signed neither the Surrogate, nor the County Judge nor the Special County Judge of St. Lawrence County was disqualified and that none of them had disqualified himself and that there was no proof on file of the authority of the Special Surrogate to act in the matter.

The State moved to dismiss the claim for failing to state a cause of action. The motion was granted and from that order claimant has come to this court.

The sole question involved here is whether or not the Special Surrogate had jurisdiction to make the order of commitment. By section 15 of article VI of the Constitution of 1846 the Legislature was authorized to provide " for the election of local officers, not to exceed two in any county, to discharge the duties of County Judge and of Surrogate, in cases of their inability or of a vacancy, and to exercise such other powers in special cases as may be provided by law." This provision became section 16 of article VI by the amendment of that article by the Convention of 1867 adopted in 1869. It remained substantially unchanged in the Constitution of 1894. It became section 12 by the amendment of judiciary article VI in 1925 and it remains substantially unchanged in the present Constitution. Pursuant to this constitutional provision the Legislature enacted chapter 306 of the Laws of 1849 authorizing the election of local officers to

discharge the duties of County Judge and Surrogate in certain counties among others, St. Lawrence. This act was amended by chapter 108 of the Laws of 1851 still in effect so as to read as follows: " * * * Such local officers, so elected, to discharge the duties of county judge, or of county judge and surrogate, or to discharge the duties of surrogate in those counties, where there shall be a separate officer to discharge the duties of surrogate, shall possess all the powers and perform the duties which are possessed and can be performed by a county judge out of court, and any proceeding commenced before any such special county judge, or special surrogate, may be finished by him, or he may by order direct that the same shall be finished by the county judge, or by the surrogate as the case may be."

The contention of appellant seems to be that the order of commitment is not an order which a county judge could make " out of court ". Section 74 of the Mental Hygiene Law at the time the order was made provided that an order of commitment might be made " by a judge of a court of record of the city or county, or a justice of the supreme court of the judicial district in which the alleged insane person resides or may be, adjudging such person to be insane, upon a certificate made by two qualified examiners * * * ". The statute clearly comprehends that an application for an order of commitment may be made to a judge or a justice and not to the court as such. There is no provision in the statute for an application to a court for such relief. It is quite significant too that the statute permits an order of commitment to be made without notice and also the examination of the alleged insane person either " in or out of court ".

In construing the amendment to chapter 306 of the Laws of 1849 by chapter 108 of the Laws of 1851 the Court of Appeals in *Matter of Rudd* v. *Hazard* (266 N. Y. 302) said: " The Special County Judge has power to discharge the duties of the County Judge ' in cases of vacancy or inability;' *and, at all times, he possesses all the powers and may perform the duties which are possessed and can be performed by a County Judge ' out of court.'* (Laws of 1849, chap. 306, as amd. by Laws of 1851, chap. 108; Const. art. VI, § 16; *Seymour* v. *Mercer,* 13 How. Pr. 564; *Kinney* v. *Roberts & Co.,* 26 Hun, 166, 172; app. dismissed 89 N. Y. 601.)"

In the case of *Seymour* v. *Mercer,* cited by the court in *Matter of Rudd* (*supra*) the following was said of the act as amended: " It is entirely clear that the legislature intended to confer upon these local officers, both special county judges and special sur-

rogates, all the powers of the county judges which they could perform out of court, or at chambers, as well as all other powers both of county judge and of surrogate, in case of inability or vacancy in the offices respectively. And this construction, I think is warranted by the provision of the constitution above referred to."

We entertain not the slightest doubt that the Special Surrogate of St. Lawrence County possesses all the powers of a county judge out of court and that he had jurisdiction to make the order of commitment in question. The order of commitment certainly is an order which a county judge could make " out of court ". Even if the order was erroneously or improvidently made by the Special Surrogate, which we do not concede, the State would not be liable for receiving and detaining the claimant under the order of commitment. The officers of the State Hospital were not required before receiving claimant under the order to institute an inquiry in order to satisfy themselves that the Special Surrogate had not erroneously or improvidently made it. No such burden is cast upon them. They were confronted by an order valid on its face and it was their duty to yield obedience to it. In complying with that order the officers of the institution and the State did not subject themselves to an action for false imprisonment. There is no merit in this claim.

The order appealed from should be affirmed, without costs.

BREWSTER, J. (dissenting). It seems agreed that the St. Lawrence County Special Surrogate had no jurisdiction whatever in the matter of the charge that claimant was an insane person save that which devolved upon him and was an attribute of a " county judge out of court." In regard to such a matter he possessed only those powers and could perform only those duties which were possessed and could be performed by a " county judge out of court." (L. 1851, ch. 108.)

The proceeding to determine whether a person is insane, and for his commitment as an insane person prescribed by article 5 of the Mental Hygiene Law as in effect at the time of the order imports a judicial proceeding in every sense of the word. Notice must be given or judicially dispensed with. A hearing must be had. A trial of the issue may be had. A judgment concludes the matter in the sense of a judicial determination respecting the mental status. While the statute aforesaid refers in name to a *judge or justice of a court* of record (§ 74) and to " the judge " (§ 72), these references, in my opinion, do not connote a " judge out of court." Full

judicial inquiry is provided for and must be had. The subject of the proceeding is such that the procedure is designed for the facility of speedy conclusion, yet all the constitutional safeguards are preserved and however informally the requirements may be observed still it is a judicial proceeding in a matter of the utmost importance to the person proceeded against and therefore not a mere ministerial or other function which may be performed by a *judge out of court* as that phrase of limitation is used in defining the power of a special officer.

In my opinion claimant's commitment to the State Hospital was void and afforded no protection for his illegal restraint (*Washer* v. *Slater*, 67 App. Div. 385; 35 C. J. S., False Imprisonment, § 28, p. 540), and the order dismissing the claim should be reversed.

HILL, P. J., FOSTER and LAWRENCE, JJ., concur with HEFFER-NAN, J.; BREWSTER, J., dissents in memorandum.

Order affirmed, without costs.