HELEN LAZAR, Respondent, v. PAUL P. LAZAR, Appellant.—

No opinion. Present — Johnston, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK RAO, Appellant.—

No opinion. Present — Nolan, P. J., Carswell, Johnston, MacCrate and Schmidt, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MILTON STRECKER, Appellant.—

It is apparent from the record that although the order appealed from purports to deny reargument, reargument was actually allowed and considered, and the court, in a separate memorandum opinion, adhered to its previous decision for reasons not theretofore stated. The order appealed from will therefore be considered as one which granted reargument, but adhered to a previous determination denying a motion to vacate a judgment of conviction, and an appeal therefrom will be entertained pursuant to section 517 of the Code of Criminal Procedure. Order reversed on the law and the matter remitted to the County Court for a hearing on the issues (cf. *People* v. *Richetti*, 302 N. Y. 290), and for such further proceedings thereon as may be proper and not inconsistent herewith. Appellant contends that when he was arraigned for pleading, in the absence of his attorney, and without advice as to his right to be represented by counsel on that occasion, he was induced to enter a plea of guilty of the crime of burglary, third degree, by a promise by the County Judge, then presiding, that if he would do so, the court would take into consideration the fact that he was a first offender and would impose a sentence of imprisonment for not less than two and one-half years and not more than five years. He further contends that when he was brought before the court for judgment, he was sentenced, in violation of the promise previously made, to imprisonment for not less than three and not more than ten years. If these assertions are true, the judgment of conviction may not stand, and a motion, *coram nobis*, is the appropriate method of correcting the error complained of. (See *People* v. *Sullivan*, 276 App. Div. 1087, and cases cited therein.) A hearing should be held on the issues, and if appellant's contentions are sustained thereon, the judgment of