THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH FARINA, Appellant.— Appeal from an order of the County Court, Kings County, which granted an application in the nature of a writ of error *coram nobis* only to the extent of vacating the sentence, and from a judgment of said court convicting appellant of burglary in the third degree and resentencing him to serve from 10 to 20 years in a State prison. Order reversed on the law and proceeding and judgment remitted to the County Court for such proceedings as may be necessary and not inconsistent herewith. The findings of fact are affirmed. It is undisputed that appellant had changed his plea from not guilty to guilty of third degree burglary, in reliance upon the court's promise of a sentence of from 10 to 20 years. Despite this promise, he was sentenced to serve from 14 to 20 years. Appellant thereupon brought on an application in the nature of a writ of error *coram nobis* to vacate the judgment of conviction. At a hearing on this application, the court conceded that it had made the promise of a sentence of from 10 to 20 years. The court then granted the application but only to the extent of vacating the sentence, denied appellant's motion to withdraw his plea of guilty, and thereafter resentenced him to the term originally promised, namely from 10 to 20 years. Appellant objected to this procedure, contending that he was entitled not only to vacatur of the sentence but also to withdrawal of his plea, so that he could replead and stand trial. " While we do not imply that appellant was tricked into entering a plea of guilty, or that the promise made at the time of the entry of that plea was consciously violated, the result, insofar as appellant is concerned, was the same. Such a result, whether caused by inadvertence or design, is inconsistent with due process of law, and the conviction cannot stand." (*People* v. *Sullivan*, 276 App. Div. 1087, 1088; see, also, *People* v. *Strecker*, 279 App. Div. 936.) It is our opinion that in a case such as this a defendant should be given the right either to withdraw his plea and stand trial or else to let his plea stand and accept the sentence originally promised. In this case, appellant objected to imposition of the sentence originally promised and insisted on his right to withdraw his plea and stand trial. As he was entitled to withdrawal of his plea, the resentence was without legal basis and, consequently, was unauthorized (see Code Crim. Pro., § 471). Murphy, Hallinan and Kleinfeld, JJ., concur; Nolan, P. J., and Wenzel, J., dissent and vote to dismiss the appeal from the order and to affirm the judgment, with the following memorandum: The appeal, insofar as it is from the order should be dismissed. No such order appears to have been entered. In any event, the record discloses that on September 7, 1955 the judgment (i.e., the sentence imposed on October 4, 1954) was vacated and set aside. No appeal lies to this court in a criminal action except from a judgment on a conviction, or

from an order denying a motion to vacate a judgment of conviction, otherwise known as a motion or application in the nature of a writ of error *coram nobis*. Since the sentence was vacated, the order appealed from did not deny a motion to vacate the judgment. (See Code Crim. Pro., §§ 471–482; *Matter of Hogan* v. *Bohan,* 305 N. Y. 110, 112–113; *Matter of Rudd* v. *Hazard,* 266 N. Y. 302, 306.) The order, insofar as it may be considered one which denies appellant's motion to vacate, or to permit him to withdraw his plea of guilty, may, however, be reviewed on the appeal from the judgment (Code Crim. Pro., § 517). The judgment should be affirmed. No error was committed by the County Judge in denying appellant's motion to set aside his plea of guilty or to permit him to withdraw it, or in pronouncing judgment after the original judgment had been vacated. Appellant had, in 1954, freely admitted his guilt, and entered a plea of guilty, fully understanding that he would be sentenced to a term of imprisonment of from 10 to 20 years. The only injustice that was done to him was that, apparently through inadvertence, he was sentenced to a longer term. Whatever injury was done him in 1954 has now been redressed by the judgment pronounced in 1955 and nothing further is required. Whether the granting of an application in the nature of a writ of error *coram nobis* requires that a plea of guilty, or a verdict, be vacated, depends entirely on the circumstances shown, and the requirements of justice in each case. When an improper sentence is the sole basis of complaint, no new arraignment or trial is necessary, since justice may be done by the correction of the sentence. (Cf. *People* v. *Shaw,* 1 N Y 2d 30; *People* v. *Farrant,* 282 App. Div. 1093.)