Hyman Barshay, J.
This defendant was convicted by a jury for criminally receiving, concealing and withholding stolen property as a felony. Thereafter he was adjudged a third felony offender and on February 6, 1951, the Honorable Louis Goldstein, then a Judge of the County Court of Kings County, sentenced the defendant to Sing Sing Prison to a term of not less than 19 years and 6 months and not more than 20 years.
Thereafter in People v. Shaw (1 N Y 2d 30), it was held by the Court of Appeals that in the sentencing of a third felony offender, any suspended sentence received by the defendant prior thereto cannot be considered. This defendant received one prison term and one suspended sentence on his prior felony convictions. The defendant promptly moved to be resentenced as a second felony offender. That motion was granted on August 22, 1956 (N. Y. L. J., Aug. 22, 1956, p. 6, col. 2). Prior to resentence, the defendant moved additionally to vacate the verdict of the jury, and for reinstatement of his plea of not guilty to the indictment upon which he was tried. He relies on the rule set forth in People v. Farina (2 A. D. 2d 776). In that case, the defendant pleaded guilty to burglary in the third degree in reliance on the court’s promise of a sentence of from 10 to 20 years. Thereafter, he was sentenced to serve a term of 14 to 20 years in Sing Sing Prison. The defendant thereupon brought on an application in the nature of a writ of error coram nobis, to vacate the judgment of conviction. The court granted a hearing and sustained the defendant’s contention and imposed a sentence of 10 to 20 years as originally promised, but denied his motion to withdraw his plea of guilty. The defendant objected to this procedure and claimed that he was entitled not only to vacatur of the sentence, but also to the withdrawal of his plea, so that he could replead and stand trial. In reversing the County Court, the Appellate Division held: ‘ ‘ ‘ While we do not imply that appellant was tricked into entering a plea of guilty, or that the promise made at the time of the entry of that plea was consciously violated, the result, insofar as appellant is concerned, was the same. Such a result, whether caused by inadvertence or design, is inconsistent with due process of law, and the conviction cannot stand. ’ (People v. Sullivan, 276 App. Div. 1087, 1088; see, also, People v. Strecker, 279 App. Div. 936). It is our opinion that in a case such as this a defendant should be given the right either to withdraw his plea and stand trial or else to let his plea stand and accept *1036 the sentence originally promised. In this case, appellant objected to imposition of the sentence originally promised and insisted on his right to withdraw his plea and stand trial. As he was entitled to withdrawal of his plea, the resentence was without legal basis and, consequently, was unauthorized (see Code Crim. Pro., § 471).”
The facts here are readily distinguishable from the facts in People v. Farina (supra). That case involved a writ of error coram nobis in the truer sense, to wit, a promise was made to the defendant by the court and was inadvertently not kept. Consequently, he was entitled to be placed in the status he had before he took the plea of guilty. The defendant, in this case, was convicted by a jury and a legal sentence was imposed upon him pursuant to the law as it was then interpreted. After the decision in People v. Shaw (supra) the court granted this defendant the relief he was entitled to and resentenced the defendant in the light of that decision to a term of not less than 10 years and not more than 20 years nunc pro tunc.
There is no legal basis to vacate the verdict of the jury.
Motion is, therefore, denied. Submit order.