Hyman Barshay, J.
The defendant pleaded guilty, during trial, to robbery in the first degree, unarmed, and on March 18, 1940 was sentenced to Sing Sing Prison for a term of not less than 15 years and not more than 30 years. While on parole, he was again convicted of robbery in the first degree and was sentenced, as a second felony offender, to a term of not less than 15 years and not more than 25 years in State prison. He is presently in Dannemora Prison, serving the unexpired term of the sentence imposed upon him on March 18, 1940.
This is an application in the nature of a writ of error coram nobis to vacate and set aside the judgment of conviction dated March 18, 1940, upon the ground that he pleaded guilty to robbery in the first degree, unarmed, in reliance upon a promise by the court that he would receive a sentence of not more than 10 to 20 years, and that the promise was not kept.
On consent of the District Attorney, the defendant was granted a hearing, at which the facts adduced disclosed that during the trial a conference was held between the court, the prosecutor and defense counsel which resulted in the court’s promise that if the defendant pleaded guilty to robbery in the first degree, unarmed, he would be sentenced to a term of not more than 10 to 20 years in State prison. The defendant relied on that promise, and pleaded guilty. Thereafter, on March 18, 1940, the court, despite its promise, imposed the sentence complained of. The defendant’s counsel directed the court’s attention to its promise and promptly moved to withdraw the plea of guilty. The court denied the motion. Thereafter, the defendant’s motion to set aside this sentence, as excessive, was denied on November 15, 1954.
In People v. Farina (2 A D 2d 776, affd. 2 N Y 2d 454), the defendant made an application in the nature of a writ of error coram nobis to vacate the judgment of conviction and to withdraw his plea of guilty on the ground that he was induced to enter a plea of guilty on the express promise of the court to sentence him to a term of imprisonment of not more than 10 to 20 years; that he relied on such promise and was deceived by the court’s failure to keep it in that he was sentenced to a term of imprisonment of 14 to 20 years. The court vacated the sentence but denied his motion to withdraw his plea of guilty and thereafter resentenced the defendant to a term of from *1018 10 to 20 years as originally promised. In reversing the County Court, the Appellate Division held, f ‘ ‘ While we do not imply that appellant was tricked into entering a plea óf' guilty, or that the promise made at the time of the entry of that plea was consciously violated, the result, insofar as appellant is concerned, was the same. Such a result, whether caused by inadvertence or design, is inconsistent with due process' :of law, and the conviction cannot stand. ’ (People v. Sullivan, 276 App. Div. 1087, 1088; see, also, People v. Strecker, 279 App. Div. 936.) It is our opinion that in.such a case as ¡this a defendant should be given the right either to withdraw Ms plea and stand trial or else to let his plea stand and accept-the sentence originally promised. In this case, appellant objected to imposition of the sentence originally promised and insisted on Ms right to withdraw his plea and stand trial. As he was entitled to withdrawal of Ms plea, the resentence was without legal basis and, consequently, was unauthorized (see Code Crim. Pro., § 471).”
The court finds that the facts in this case come within the holding in the Farina case (supra). The application of the petitioner to vacate and set aside the judgment of conviction dated March 18, 1940, and to interpose a plea of not guilty, is granted. The defendant is to be produced in court for further proceedings as soon as convenient to the authorities at the institution where he is presently confined. Submit order.