John J. Walsh, J.
By a petition duly verified on the 16th day of December, 1960, the defendant-petitioner moved for a hearing in open court for a writ of error coram nobis to vacate and set aside a plea of guilty to the crime of grand larceny, second degree in satisfaction of an Indictment No. 3936 (1930) and the judgment of conviction and sentence to Auburn State Prison for a definite term of five years as a second felony offender upon the ground that
(1) The plea of guilty was obtained in violation of petitioner’s statutory and constitutional rights;
(2) The definite sentence of five years was unauthorized in law.
A hearing was duly held before this court on various dates commencing on May 23 and ending on July 18, 1961 at which *42 times defendant-petitioner was afforded a complete opportunity to present documentary or other evidence in support of his contentions. The court assigned Francis P. Finnegan, Esq., to represent defendant and he has discharged his duty in a most capable and conscientious manner. Unlike the vast majority of such applications, this petition has merit.
Defendant is presently serving consecutive sentences of 20 years to life as a multiple offender imposed by the Onondaga County Court on July 6, 1938.
In 1953, defendant-petitioner moved for a writ of error coram nobis in the Oneida County Court to vacate this judgment upon the ground that he was not informed upon his arraignment of his right to counsel nor was he represented on his plea or at the time of sentence. This was denied by order dated May 18, 1953 without a hearing on the ground that the documentary records disclosed that defendant had “ waived” counsel (People v. McGuinness, 121 N. Y. S. 2d 316, affd. 283 App. Div. 687).
The instant petition is not res judicata because of the fact that new grounds have been advanced for the writ.
This petition alleges that defendant was indicted on March 18, 1930 for the crimes of burglary, third degree and grand larceny, second degree and on March 20, 1930 was arraigned before the Oneida County Court and pleaded not guilty. He was shortly, thereafter, returned to Elmira Reformatory for violation of parole. More than a year later, on October 17, 1931, after being again paroled from Elmira Reformatory, defendant claims he was brought before the Oneida County Judge in his “ chambers ” and without being informed of any of his statutory and constitutional rights and without representation by counsel, he pleaded guilty to the crime of grand larceny in the second degree. On October 24, 1931, defendant was returned to the Judge’s chambers where he was sentenced to a definite term of five years in State Prison at Auburn, New York.
The defendant raises a number of claims of alleged error in the 1931 proceedings:
(1) That no competent court was formed with any jurisdiction to accept defendant’s plea of guilty or to impose sentence upon such plea.
(2) That the sentence imposed was not authorized by law.
(3) That the plea was improperly recorded by the court and was therefore a nullity.
(4) That he was never informed of his right to counsel or to a public trial by jury; nor was he advised by anyone of the consequences of a plea of guilty; nor did he understand or com *43 prebend the allegations of the indictment; that he was not aware of the fact that the indictment was subject to dismissal because of the undue delay in bringing the defendant to trial; and that he did not waive any of his rights either expressly or impliedly.
The first alleged claim of error is without merit.
Defendant contends that an arraignment must be “before the court” (Code Crim. Pro., § 296) and a plea of guilty must be made “in open court” (Code Crim. Pro., § 335). -He argues that a plea in chambers is not “ in open court ”, and relies upon the case of Matter of Rudd v. Hazard (266 N. Y. 302).
Defendant misconstrues the effect of Rudd v. Hazard. That case merely held (p. 306) that when the November 1931 Term of the Oneida County Court had been adjourned to January 5, 1932, that “ There was and there could be no court session of the County Court for criminal business on December 28,1931.” The question was not whether “ the chambers ” of the Special Oneida County Judge was “ open court ” but whether the Oneida County Court could be in “ session ” when it had been adjourned. This was made clear by the Court of Appeals in Matter of United Press Assns. v. Valente (308 N. Y. 71, 82): “ Matter of Rudd v. Hazard (266 N. Y. 302) is not to the contrary. All that was there decided was that a special county judge acted without jurisdiction in accepting a plea of guilty by the defendant in a criminal ease, where the proceedings were not held at a regularly constituted session of the county court, and that jurisdiction was not conferred by the voluntary appearance of the parties involved.”
The court’s minute book shows that a Trial Term of the Oneida County Court duly convened at Borne, New York, on September 14, 1931. On October 1, 1931, the court recessed to Utica chambers at 10:00 a.m. on Saturday, October 3, 1931. The Trial Term then continued at Borne on October 5 and on October 6 the court adjourned to Utica chambers Saturday, October 10 at 10:00 a.m. On Saturday, October 17,1931 at Utica chambers, the defendant appeared and entered his plea.
The term “ chambers ” has no sinister or clandestine connotation.
“ The chambers of the judge, where chambers are provided, are not an element of jurisdiction, but are a convenience to the judge, and to suitors — places where the judge at proper times can be readily found, and the business conveniently transacted ”. (Matter of Neagle, 39 F. 833, 856.)
At the hearing, defendant conceded that the Judge, the Clerk, the District Attorney, the Probation Officer and at least one *44 other defendant were all present. In addition, defendant has presented a newspaper account in support of his claim. This demonstrates clearly that no secrecy was employed. In such circumstances, the court was “ in session ” and had jurisdiction to hear the matter. Defendant’s testimony that the public was excluded is based wholly upon hearsay testimony and is of no probative value. This claim of error is specifically overruled.
The claims by defendant that the sentence was not authorized by law and that the plea was improperly recorded by the court and was therefore a nullity rest upon the documentary records of the court and bear greater weight. It is unnecessary to rely upon the testimony of the defendant either as to quantity or credibility.
The Clerk’s minutes under date of October 17, 1931 show: ‘1 Defendant arraigned and pleads guilty to Grand Larceny, 2nd degree, second offense.”
The minutes then relate that the defendant was sworn and his record was taken and he acknowledged a previous conviction of burglary and grand larceny.
The Clerk’s minutes under date of October 24, 1931 show:
“ Defendant has no legal cause why sentence should not be pronounced.
“ Passing of sentence to be confined at the New York State Prison at Auburn, N. Y. for five years.”
During the course of the hearing, it developed for the first time that the indictment did not allege a prior conviction nor did the District Attorney subsequently and prior to sentence file an information charging defendant with being a second offender.
Thus, defendant was never put on notice that a plea to the indictment would result in punishment as a multiple offender.
There is no stenographic transcript available as to what actually transpired in 1931. The Trial Judge is now deceased and neither the District Attorney nor the Probation Officer could recall exactly what was said or done at that time. They can hardly be expected to remember a single defendant or indictment after a period of 30 years.
Defendant has presented a verified copy of a newspaper account under date of October 24,1931 (Utica Observer-Dispatch, p. 9) which sheds some light on the subject. This article, in part, reads as follows:
“ On a plea of guilty to grand larceny, second degree, Bichard McGuinness, 23, Utica, a second offender, was sentenced in County Court today to serve five years in Auburn Prison.
“ McGuinness pleaded for another chance, but County Judge Frederick H. Hazard ignored his plea, pointing out that he was *45 indicted as a second offender and the court had no discretion in the matter. The sentence imposed was the maximum penalty under the law.”
The following facts are clearly established by the documentary proof:
1. The minutes recite a plea as a second offender.
2. The indictment did not allege a second offense.
3. No information was ever filed after the plea and before sentence that the defendant was a second offender.
4. The Trial Judge sentenced the defendant under the erroneous impression that he had been indicted as a second offender.
5. The sentence imposed was for a definite term of five years and not an indefinite term of imprisonment.
In 1931, there were two methods by which multiple offender punishment could be imposed upon a defendant. The indictment might allege that the defendant named was a multiple offender in which ease the defendant would be put on notice at the arraignment. This was not done in this case. Second, the District Attorney might file an information after a plea to the indictment requiring defendant to appear to answer whether he had in fact previously been convicted of a felony. This procedure provided safeguards to the defendant to refute such claim. This was not done in this case.
In 1931, the statute provided that grand larceny in the second degree was punishable by imprisonment for a term not exceeding five years (Penal Law, § 1297).
During the same year 1931, section 1941 (L. 1926, ch. 457) prescribed the sentence for a second offense as follows:
“ A person, who, after having been convicted within this state, of a felony, or an attempt to commit a felony, or, under the laws of any other state, government, or country, of a crime which if committed within this state, would be a felony, commits any felony, within this state, is punishable upon conviction of such second offense, as follows:
“ If the subsequent felony is such that, upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for a term not less than the longest term, nor more than twice the longest term, prescribed upon a first conviction.” (Italics supplied.)
In other words, if the defendant were a second offender, the sentence should have been an indeterminate one of not less than 5 nor more than 10 years. This was not the sentence imposed. Nor could such a sentence be imposed merely upon the record acknowledged by the defendant. It has been held that where *46 a prior conviction was not charged in an indictment and the District Attorney did not file an information accusing defendant of such prior conviction, information pertaining to such prior conviction disclosed upon defendant’s examination after plea, does not justify determination that a defendant is a second felony offender. (People ex rel. Shepherd v. Martin, 267 App. Div. 1041 [4th Dept., 1944].)
The answer to the argument that defendant cannot complain if he was sentenced as a first offender to the maximum term of five years is answered by the fact that even if he was sentenced in 1931 as a first offender in spite of his plea as a second offender, the sentence imposed was likewise unauthorized.
Section 2189 of the Penal Law, in effect in 1931 (L. 1919, ch. 411) provided: “ A person never before convicted of a crime punishable by imprisonment in a state prison, who is convicted in any court of this state of a felony other than murder first or second degree, and sentenced to a state prison, shall be sentenced thereto under an indeterminate sentence, the minimum of which shall not be less than one year, or in case a minimum is fixed by law, not less than such minimum; otherwise, the minimum of such sentence shall not be more than one-half the longest period and the maximum shall not be more than the longest period fixed by law for which the crime is punishable of which the offender is convicted” (italics supplied).
Consequently, a proper sentence in 1931 as a first offender would have been an indeterminate term of not less than 2 years 6 months nor more than 5 years. A proper sentence as a second offender would have been an indeterminable term of not less than 5 years nor more than 10 years. A definite term of 5 years was therefore unauthorized in either event.
The mere fact that the defendant has years ago served his sentence does not render an invalid sentence valid. A defendant has a right to be properly sentenced.
It is clear that the sentence imposed on October 24,1931 must be vacated in the interests of justice.
Nor does the mere vacatur of the sentence correct the obvious error which appears in the court records. Regardless of the fact that the defendant was not represented by counsel either upon his original arraignment or at the time of his plea or at the time of sentence, nor that he “ waived ” counsel, nor even, as he claims, he was not advised of his right to counsel, his recorded plea of guilty as a second offender was a nullity since he was not so indicted.
Fortunately, this court does not feel that it is necessary to find that the Trial Judge, who was an eminently fair, experienced *47 and qualified jurist failed to perform the most fundamental duty he had to perform — that of informing a defendant of his right to counsel.
Enough appears as a matter of record to make it necessary for this court in the interests of justice and due process of law to vacate the sentence heretofore imposed on October 24, 1931 and to direct that the defendant be produced before the court for such purpose.
At such time, defendant is entitled to be returned to the status he possessed prior to the original sentence. (People v. Sullivan, 3 N Y 2d 196.)
In view of the fact that the record discloses an unauthorized plea of guilty as a second offender, defendant will be within his rights if he is so advised to apply at that time to withdraw his plea of guilty as incorrectly recorded in the court’s minutes. (See People v. O’Neill, 7 A D 2d 997.)
An order may be submitted accordingly directing that the defendant be returned to this court at the Rome Trial Term on September 12, 1961 for the purpose of vacatur of the sentence imposed and for further proceedings in connection therewith.