George Boldman, J.
This is a motion by the defendant for a writ of error coram nobis to vacate a judgment of conviction.
On December 4, 1945, the defendant entered a plea of guilty in this court to both counts of an indictment charging the crimes of burglary in the third degree and petit larceny committed on or about the 29th day of September, 1945. The District Attorney filed an information accusing defendant of being a third felony offender as a consequence of convictions in Pennsylvania on August 24,1936, and July 15,1939, of the crimes of larceny of an automobile, to which defendant acknowledged and confessed, and he was thereupon sentenced to imprisonment at Attica for an indeterminate term of not less than 5 nor more than 10 years upon the burglary conviction. Judgment upon the conviction of petit larceny was suspended.
Upon a hearing held in connection with the coram nobis application the defendant moved to have the conviction set aside upon *307 the grounds that his confession and plea of guilty were fraudulently and coercively obtained, and that he was denied effective representation of counsel, all contrary to due process of law. Defendant further requested that he be resentenced as mandated by People v. Montgomery (24 N Y 2d 130), claiming he was never advised of his right to appeal the conviction.
Finally, petitioner desires that he be resentenced as a first felony offender upon the theory that the two Pennsylvania convictions relied upon to sustain the judgment as a third felony offender would not have been convictions of felonies in New York. (People v. Olah, 300 N. Y. 96.)
The court has stricken as hearsay so much of the defendant’s petition as alleges the involuntariness of the confession, and therefore, the case law holding that a plea of guilty waives any present objection of defendant that his confession was unlawfully obtained is applicable. (People v. Nicholson, 11 N Y 2d 1067 ; People v. McDonald, 20 A D 2d 907 ; People v. Moore, 30 A D 2d 720.)
Upon the other allegations of irregularity defendant, as petitioner in a coram nobis proceeding, has the burden of proving his claim by a fair preponderance of the credible evidence. (People v. Hunt, 31 A D 2d 846 ; People v. Recore, 29 A D 2d 893.) This standard of proof is not met by a bare averment of such irregularity, unconfirmed by other evidence. (People v. Murphy, 20 A D 2d 222.) The judgment of conviction is supported by a presumption of regularity which the defendant is required to overcome. (People v. Barber, 276 App. Div. 1040.)
Applying the fair preponderance test to the record in the instant case, the conclusion is required that the defendant has failed in his burden. Outside of defendant’s own testimony, which is so permeated with contradiction as to taint the credibility of his every word, the record is devoid of any evidence to substantiate the charge of constitutional deprivation, and the examination of attorney Ives in no way tends to corroborate the defendant’s version of the issues raised.
Petitioner requests resentencing nunc pro tunc upon the assertion that he was never advised as to his right to appeal following the 1945 conviction, and thus he was effectively denied the equal protection of the law. (People v. Montgomery, supra.) Again, however, petitioner has failed to demonstrate by a preponderance of the competent evidence that such relief is warranted. (People v. Hunt ; People v. Barber, supra.) A mere statement by defendant that he was not apprised of his constitutional right is not conclusive upon the court. (People v. Barber, *308 supra.) At the hearing, the testimony of petitioner and his 1945 counsel is replete with statements that they are unable to say that notice was not given. Absent a positive averment to that effect supported by some credible corroborative evidence, petitioner has not demonstrated facts mandating resentencing.
Assuming, for the moment, that, in fact, defendant was not advised of his right to appeal, he has still failed to justify resentence. In People v. Ali (35 A D 2d 435, 437) the Appellate Division, Third Department, stated: “We do not construe People v. Montgomery (24 N Y 2d 130) to require reinstatement of every defendant’s right to appeal upon the bare allegation that defendant was not advised by counsel, or the court, of his right to appeal. It must appear that during the time allowed for taking an appeal defendant disputed the validity of the judgment of conviction but was nevertheless prevented from prosecuting an appeal by reason of ignorance or improper advice as to his rights. * * * This is particularly so in cases of a guilty plea, when it is more reasonable to assume, absent allegations to the contrary, that defendant has neither reason nor desire to prosecute an appeal. Belief is not available when a defendant, months or years later, decides it would be desirable to prosecute an appeal.”
Applying these criteria to the instant record, the writ must be denied.
Though the mere fact that a defendant has years ago served his sentence does not render an invalid sentence valid, and defendant does have a right to be properly sentenced (People v. McGuinness, 30 Misc 2d 41), petitioner still possesses the burden of demonstrating the invalidity by a preponderance of the credible evidence. (People v. Hunt, supra.) The burden is entirely upon petitioner to show that his case is controlled by the Olah rationale (supra) and that the Pennsylvania convictions would not have amounted to felonies in New York. (People v. Rainey, 28 A D 2d 712.) The People have absolutely no burden of establishing the contrary. (People v. Murphy, supra.)
Examination of the evidence again reveals that the petitioner has not met his obligation. The record is barren of proof that Olah (300 N. Y, 96, supra) is applicable. There is no evidence of the Pennsylvania indictments or of the controlling statutory provisions. Petitioner attempts to cure these obvious defects by introducing a certified copy of the minutes of resentencing had in Elmira on January 21,1957, wherein he was resentenced as a second felony offender after originally being convicted as a fourth felony offender in 1956, and pleading res judicata. After *309 perusing the transcript, however, it is impossible to glean the reason for resentencing. The court certainly cannot assume it was the consequence of an Olah determination. The proof is patently insufficient.
Even, however, if the court were to accord the Chemung County determination res judicata effect and hold the issue of the Pennsylvania convictions had been litigated, defendant is still not entitled to be resentenced as a first felony offender since the original sentence of an indeterminate term of imprisonment, for from 5 to 10 years, was exactly what the court could have meted out had he been adjudged a first felony offender.
Subdivision 3 of section 407 of the Penal Law of 1909 provided that burglary in the third degree was punishable by imprisonment in a State prison for a term not exceeding 10 years. Section 2189 of the Penal Law stated that: “A person never before convicted of a crime punishable by imprisonment in a state prison, or who, though previously convicted of such a crime, is not punishable under the provisions of section nineteen hundred forty-one or nineteen hundred forty-two, who is convicted in any court of this state of a felony other than murder first or second degree or kidnapping, and sentenced to a state prison, shall be sentenced thereto under an indeterminate sentence, the minimum of which shall not be less than one year, or in case a minimum is fixed by law, not less than such minimum; otherwise, the minimum of such sentence shall not be more than one-half the longest period and the minimum shall not be more than the longest period fixed by law for which the crime is punishable of which the offender is convicted.”
Applying the formula, defendant could lawfully have received an indeterminate sentence of from 5 to 10 years had he been convicted as a first felony offender. Inasmuch as the sentence imposed as a third felony offender did not exceed the punishment to which he could have been subjected had he been adjudicated a first felony offender, he is not entitled to resentencing. (People v. Chadwick, 33 A D 2d 687.)
For all of the above reasons, the petition of the defendant is in all respects denied.