■ ROBERT NUERNBERGER, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 51615.) — Judgment unanimously reversed on the law and facts, with costs, and a new trial granted solely upon the issue of claimant's damages. Memorandum: The claimant was indicted by an Erie County Grand Jury for incest, assault with intent to commit incest, and impairing the morals of a minor. Following a jury trial in Erie County, the claimant-appellant was acquitted of the charge of incest, but was convicted of the felony of assault in the second degree, with intent to commit incest, and was convicted of the charge of impairing the morals of a minor. He was sentenced on the assault second conviction to Attica State Prison for three to six years and on the impairment count to the Erie County Penitentiary for the maximum term of one year with execution of the sentence suspended. He was incarcerated in State institutions under the sentence from April 14, 1967 until July 17, 1969. Following an affirmance of the judgment of conviction by this court (*People* v. *Nuernberger*, 31 A D 2d 718), the Court of Appeals modified the judgment (25 N Y 2d 179), holding that the County Court did not have subject matter jurisdiction of the crime of assault in the second degree with intent to commit incest and that the charge should have been submitted in the first instance to the Family Court for disposition. Claimant commenced this action for false imprisonment on October 10, 1969. The judgment of conviction of the County Court, or any commitment papers emanating from that judgment, offer no protection in this action to the State even though it acted solely as custodial authority, since the County Court has been held to be without jurisdiction over the subject matter (see *Harty* v. *State of New York,* 29 A D 2d 243, affd. 27 N Y 2d 698; *Williams* v. *State of New York,* 9 A D 2d 415, affd. 8 N Y 2d 886; *Douglas* v. *State of New York,* 269 App. Div. 521, affd. 296 N. Y. 530; *Troutman* v. *State of New York,* 273 App. Div. 619). In *Harty* (*supra,* p. 244) the Third Department wrote: " However, this court has previously held that where the illegal imprisonment is pursuant to legal process which is valid on its face, the State cannot be held liable in damages for wrongful detention. (*Nastasi* v. *State of New York,* 275 App. Div. 524, 526, affd. 300 N. Y. 473.) *An exception to the rule that the State need not respond in damages where the commitment is valid on its face appears to be where the court issuing the process lacked jurisdiction of the person or the subject matter.* (*Troutman* v. *State of New York,* 273 App. Div. 619, 621; *Hicks* v. *State of New York,* 22 A D 2d 837, 838.) " (italics added). Since the committing court lacked jurisdiction over the claimant, the rule exempting the State from responding in damages where the commitment is valid on its face is not applicable. (Appeal from judgment of Court of Claims dismissing claim for damages for false imprisonment.) Present — Goldman, P. J., Marsh, Witmer, Cardamone and Henry, JJ.