■ BERTHA F. BANGS, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 39321.) — Appeal from a judgment, entered August 10, 1966, upon a decision of the Court of Claims. Claimant seeks damages from the State for false arrest, false imprisonment, unwarranted commitment to Matteawan State Hospital and negligence for failure of proper diagnosis and treatment. Her commitment followed an indictment for assault, second degree, arising out of a shooting incident wherein she fired a pistol at an automobile containing another woman and some of her children. Claimant contended that the driver of this vehicle attempted to run over her. Upon her appearance before a Magistrate at the direction of a State Trooper, a warrant for her arrest was executed and she was subsequently released on bail. After indictment, and a hearing on the issue of claimant's mental condition, at which she was represented by counsel, an order was entered directing her commitment to Matteawan State Hospital. Approximately seven and one-half years later she was released on a writ of habeas corpus. The assault indictment was dismissed upon motion of the then District Attorney. Initially, we find no merit to claimant's contention that her initial arrest was unlawful (Code Crim. Pro., §§ 151, 165, 167, now CPL 120.10, 120.90). Nor do we find any duty on the part of the State hospital officials to examine the form of the report of the examining psychiatrists upon which the order of commitment was based. While the report itself did not comply with precise statutory requirements, the order of the County Court of Greene County was valid on its face. The law is well established that there is no duty to examine or investigate a commitment order valid on its face (*Douglas* v. *State of New York*, 269 App. Div. 521, affd. 296 N. Y. 530), unless, contrary to claimant's case, there is knowledge that there was, in fact, no basis for the execution of the order of commitment (*Wood* v. *State of New York*, 28 A D 2d 643). Claimant's attack on the form of the order of commitment is equally without merit since it is clear that, from a reading of the order in its entirety, it complied with the statutory standard (Code Crim. Pro., § 662-b, now CPL 730.30). Finally, we find nothing to impose liability upon the State resulting from the method or extent of treatment provided to claimant during her confinement. An error, if any could be found, would be one of medical judgment for which the State is not liable (*Young* v. *State of New York*, 40 A D 2d 730, mot. for lv. to app. den., 31 N Y 2d 696). Judgment affirmed, without costs. Herlihy, P. J., Staley, Jr., Sweeney, Kane and Reynolds, JJ., concur.

■ In the Matter of IRVING A. SATTY et al., Petitioners, v. EWALD B. NYQUIST, as Commissioner of Education of the State of New York, et al., Respondents.— Determination, insofar as it suspended petitioner Irving Satty's certificate, confirmed, without costs. Proceeding to review determination, insofar as it suspended petitioner Leonard Greenberg's certificate, dismissed as academic, without costs. No opinion. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Main, JJ., concur.