THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH NASTASSI, Respondent, against WALTER B. MARTIN, as Warden of Clinton Prison, Appellant.

Third Department, May 3, 1944.

*Nathaniel L. Goldstein, Attorney-General (Orrin G. Judd, Solicitor-General; P. H. Clune and Robert C. Booth, Assistant Attorneys-General,* of counsel), for appellant.

*Albert Jakobson* and *Benedict S. Rosenfeld,* attorneys (*Benedict S. Rosenfeld* of counsel), for respondent.

HILL, P. J. Dr. Martin, warden of Clinton Prison, appeals from an order made at Special Term (BREWSTER, J.) in habeas corpus, directing that respondent Joseph Nastassi be released from custody. It was determined that relator had been imprisoned beyond the term of his sentence.

Relator's counsel argues that he should be credited as having served the time between his release on the first parole and the date when declared delinquent. This court has determined otherwise under like conditions. (*People ex rel. Johnson* v. *Morhous,* 267 App. Div. 932; cf. *People ex rel. Sormberger* v. *Martin,* 266 App. Div. 48.)

The order should be affirmed, even though the conclusion is reached upon a theory divergent from that of the Special Term. The record contains a stipulation of facts. Relator was convicted on January 30, 1929, in Bronx County Court for robbery, second degree, as a first offender, sentenced, maximum 10 years, minimum 5. He was received in prison on January 31, 1929, with a credit of 2 months, 17 days jail time, released on parole September 3, 1932, declared delinquent August 18, 1933, at which time he began to receive credit on his unexpired maximum term. (Correction Law, § 218.) He was paroled "for a second time on November 26, 1934, * * * to meet federal warrant only ", and on December 11, 1934, was convicted of the felony of counterfeiting and possessing counterfeit money committed while at liberty on his first parole. He was discharged from Federal custody on March 13, 1935 and " placed under parole supervision of New York State ". The stipulation recites that " Relator was on October 6, 1936, declared delinquent by the Parole Board but was not taken into custody at that time."

On April 18, 1941, he was returned to State prison " for violation of his second parole ". In the interim he had been arrested and convicted of counterfeiting in Chicago, and had served a five-year sentence at Leavenworth.

The Attorney-General computes that on September 3, 1932, when paroled, 6 years, 2 months and 10 days of his maximum sentence had not been served. After being declared delinquent (8/18/33) and before he was released to meet a warrant (11/26/34) he had served 1 year, 3 months and 8 days, and there still remained of his maximum sentence 4 years, 11 months and 2 days.

While at liberty on his first parole (the only one permitted by the statute) he first committed the crime of counterfeiting. Section 219 of the Correction Law as of that date (L. 1932, ch. 457) provided that when a prisoner had been convicted of a felony committed while on parole, he would not " be eligible for any further parole at any time." After his discharge by the Federal authorities, while at liberty as a trusty or in some other capacity approved by the Parole Board, he was still in the custody of the parole authorities and is entitled to receive credit for the time.

Under section 220 of the Correction Law, a person on parole shall not be discharged prior to the expiration of his full maximum term, but the Board of Parole " may relieve a prisoner on parole from making further reports and may permit such prisoner to leave the state, or country, * * * ". At the time of relator's first release by the Federal authorities (3/13/35) there remained 4 years, 11 months and 2 days of his maximum sentence, assuming that the Parole Board had authority to grant relator a second parole " to meet " the Federal warrant.

Relator should receive credit for the time which has elapsed after his return to New York authorities on March 13, 1935, as the statute (§ 219, *supra*) did not permit parole, and he was a prisoner though allowed to be at large until April 18, 1941, when he was placed in a New York prison following his imprisonment in Leavenworth.

The order discharging relator should be affirmed.

BLISS, HEFFERNAN and SCHENCK, JJ., concur; BREWSTER, J., taking no part.

Order affirmed, with fifty dollars costs and disbursements.