FLOYD E. PORTER, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Claim No. 28360.)

Court of Claims, October 22, 1947.

*Harold F. Tucker* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Sidney B. Gordon* and *Arthur W. Mattson* of counsel), for defendant.

GREENBERG, J. Claimant seeks damages for his alleged false imprisonment in State prison at Elmira during the period from December 9, 1936, to December 7, 1943.

On October 29, 1930, he was convicted of grand larceny, second degree, in Clinton County Court, and was sentenced to

Elmira Reformatory, said sentence being suspended, and the claimant was placed on probation for one year. On December 9, 1936, claimant was convicted of forgery in the second degree in the Clinton County Court. The County Judge thereupon sentenced claimant to Elmira Reformatory, as a probation violator for the crime for which he was convicted on October 29, 1930, and stated that at the completion of such sentence he would then be sentenced for his conviction of the crime of forgery.

Upon the application of the District Attorney of Clinton County that the confinement under the sentence of December 9, 1936, was invalid and illegal, an order was obtained from the County Court and the claimant was resentenced on December 6, 1943, for a minimum term of ten and a maximum term of twelve years, at Clinton Prison, Dannemora. Execution of this sentence was suspended and the claimant was placed on probation for the maximum of his term, to take effect as of 1936. In February, 1946, claimant was released from probation.

It is urged that the sentencing on December 9, 1936, of the claimant as an alleged probation violator was invalid and illegal, inasmuch as the maximum sentence which could have been imposed on October 29, 1930, for grand larceny, second degree, was five years and the parole or probation period for said crime had expired prior to the second conviction. Accordingly, it is contended that his incarceration for the period from December 9, 1936, to December 6, 1943, was illegal and therefore the State should be answerable in damages.

The order of commitment, which was valid on its face, had not been attacked, vacated or set aside until after the period of the alleged false imprisonment. This court stated in *Douglas v. State of New York* (184 Misc. 441, affd. 269 App. Div. 521, affd. 296 N. Y. 530) that " The State, in receiving the claimant for confinement at its institution, was obliged to do so and to detain him until such order was set aside or further proceedings were taken. The State cannot be held to respond in damages for false imprisonment even though the order may have been erroneously issued, where the process was regular on its face and issued by a court of competent jurisdiction." (See, also, *Vona v. State of New York,* 54 N. Y. S. 2d 453; 35 C. J. S., False Imprisonment, § 27 *et seq.*)

It follows, therefore, that the claim should be dismissed.