EDWARD R. REILLY, Claimant, v. STATE OF NEW YORK, Defendant.
(Motion No. 1347.)

Court of Claims, January 19, 1948.

*Arthur J. Katzman* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Philip A. Paulson* of counsel), for defendant.

GREENBERG, J. Upon this application to dismiss the claim, pursuant to rule 106 of the Rules of Civil Practice, on the ground that it fails to state facts sufficient to constitute a cause of action, the allegations are assumed to be true and given the benefit of every intendment and fair inference. (*Locke* v. *Pembroke,* 280 N. Y. 430; *Dyer* v. *Broadway Central Bank,* 252 N. Y. 430.)

The claim is "for false arrest, malicious prosecution and illegal and unlawful detention of the claimant in State's prison" and is predicated upon the following salient facts, extricated from a narrative and verbose pleading: In 1925, claimant was indicted for grand larceny and burglary in the third degree, and thereafter pleaded guilty in the County Court, Kings County, to what he believed to be the misdemeanor of unlawful entry. He was thereupon sentenced to the New York City Penitentiary for an indeterminate sentence, and served fifteen months. In 1927, he was indicted in Queens County for murder in the first degree (which count was not pressed) and also for grand larceny, robbery and assault. He pleaded guilty in the County Court to robbery in the first degree and was remanded for investigation and sentence. At the time of sentence, a question arose as to whether claimant was a first or a second offender. The District Attorney's office produced the records indicating that the defendant was convicted in 1925 of

the felony of attempted burglary in the third degree and the claimant unsuccessfully asserted that the conviction was for the misdemeanor of unlawful entry. Claimant was thereupon sentenced to fifty years as a second offender.

In 1941 and 1942, several applications for writs of habeas corpus were applied for, based upon certain phases of the 1927 crime and conviction, and were denied. At the end of 1946, an application for a writ of error *coram nobis* was made in the County Court, Kings County, relating to the 1925 conviction, and a hearing was had before County Judge MARASCO. Claimant therein successfully asserted that his conviction was for the misdemeanor of unlawful entry and not for the felony of attempted burglary in the third degree. Proof was submitted that a change in ink was made on the back of the indictment, from " unlawful entry " to " attempted burglary in third degree ", which was purported to have been effected by a probation officer of the County Court, Queens County, that he was not represented by counsel and that a codefendant, similarly indicted, was sentenced for the misdemeanor of unlawful entry. The writ was granted and in June 1947, claimant was resentenced to the time served in the penitentiary for the 1925 crime and the record was corrected to indicate a conviction for a misdemeanor. He was thereupon ordered for resentencing by the County Court, Queens County, for the 1927 crime and, in July, 1947, received a resentence to the time already served on that offense (sixteen years).

Claimant urges that he was wrongfully incarcerated in State's prison and deprived of his liberty for ten years by reason of the failure of public officials " charged with the duty and obligation to rectify errors at law ".

The principle is firmly established that a judge is not responsible for any errors of law that he may have committed where the court has jurisdiction of the subject matter and person and that, even if he acted as an officer of the State, the latter could not be held to respond for such acts no matter how erroneous they may be. (35 C. J. S., false imprisonment, §44; *Mudge* v. *State of New York*, 271 App. Div. 1039; *Lange* v. *Benedict*, 73 N. Y. 12; *Fischer* v. *Langbein*, 103 N. Y. 84; *Austin* v. *Vrooman*, 128 N. Y. 229.) Nor can the State be held responsible because the wardens of two of the State's prisons obeyed the order of committment issued under the 1927 judgment of conviction. (*Douglas* v. *State of New York*, 184 Misc. 441, affd. 269 App. Div. 521, affd. 296 N. Y. 530; *Mudge* v. *State of New York*, *supra*. See, also, *Vona* v. *State of New York*, 54 N. Y. S. 2d 453; *Porter*

v. *State of New York*, 74 N. Y. S. 2d 9; *Troutman* v. *State of New York*, 190 Misc. 449; 35 C. J. S., false imprisonment, § 27 *et seq.*)  In the *Douglas* case, this court (p. 444) stated: " The State, in receiving the claimant for confinement at its institution, was obliged to do so and to detain him until such order was set aside or further proceedings were taken.  The State cannot be held to respond in damages for false imprisonment even though the order may have been erroneously issued, where the process was regular on its face and issued by a court of competent jurisdiction."

Accordingly, the motion to dismiss the claim must be granted, " with leave to serve an amended claim, not inconsistent with the views expressed herein, within 20 days after service of an order to be entered."  The disposition of that part of the application to strike out sham, frivolous, irrelevant matter, made pursuant to rule 103 of the Rules of Civil Practice, therefore becomes moot.  Submit order.