Deyo, J.
Claimant was originally convicted of robbery in 1929, and given a five to ten-year sentence. He was subsequently paroled, declared delinquent and returned to prison. While in prison he was indicted by a Federal grand jury for counterfeiting, a crime of felony grade, and on November 26, 1934, granted parole to meet the Federal warrant, with instructions to again report when released from custody. Claimant pleaded guilty in the Federal court, and after serving a three months’ sentence, returned to New York State on March 13, 1935, and reported to the parole authorities. On October 6,1936, he was again declared delinquent and a warrant was issued for his arrest, but he could not be located. It subsequently developed that he had gone to Illinois, and in the following year had been again indicted for counterfeiting, and served five years at Leavenworth. On April 18, 1941, he was released to the parole authorities and returned to prison. He secured his release by habeas corpus in July of 1943, which decision was affirmed by this court the following May. (People ex rel. Nastassi v. Martin, 267 App. Div. 629.) This action was commenced thereafter, but its trial was delayed while claimant was serving out a third sentence for counterfeiting.
The decision in the Appellate Division was based on the theory that inasmuch as section 219 of the Correction Law, as then written, denied further parole to a person convicted of a felony, while on parole, claimant remained a prisoner on his return to New York State on March 13, 1935, following his first Federal conviction and incarceration, and was entitled to credit for the time he was at liberty. Inherent in that decision is a determination that claimant’s maximum sentence had expired prior to April 18, 1941, and that his arrest on that date, and his subsequent imprisonment, were therefore illegal.
Whether under the doctrine of res judicata, stare decisis or case law, we consider ourselves bound, as did the court below, by that determination and decline to reconsider that issue. However, it does not necessarily follow, as the court below seems to assume, that a determination of illegality of imprisonment gives rise ipso facto to a claim for damages for false arrest and imprisonment. Since parole was not permissible under the circumstances presented, the declaration of delinquency for parole violation and the acts of the authorities in retaking claimant on April 18, 1941, and in detaining him until July 22, 1943, were improper. There is nothing in the record, however, to indicate that the declaration of delinquency and the warrant for claimant’s arrest were not entirely valid on their face *526 when issued on October 6, 1936. Certainly the claimant was without power to impair their validity by remaining in hiding. (Anderson v. Corall, 263 U. S. 193; People ex rel. Dote v. Martin, 294 N. Y. 330; People ex rel. Patterson v. Bockel, 270 N. Y. 76.)
The arresting officers and the confining authorities were under a duty to comply with this declaration and warrant, the invalidity of which was not determined until the decision in the habeas corpus proceeding had been handed down. They were not obliged to institute an inquiry in order to satisfy themselves that no error had been committed. They were confronted with what appeared to be a valid directive for the arrest and incarceration of the claimant, and in yielding obedience to it they did not subject themselves or the State to an action for false arrest and imprisonment. (Douglas v. State of New York, 269 App. Div. 521, affd. 296 N. Y. 530; Mudge v. State of New York, 271 App. Div. 1039; Reilly v. State of New York, 190 Misc. 862; Porter v. State of New York, 190 Misc. 739.)
The judgment should be reversed and the claim dismissed, without costs.
Saetry and Bergae, JJ., concur; Brewster, J., dissents, in the following memorandum in which Foster, P. J., concurs: I dissent. The question here is not whether the officers who arrested claimant in 1941 or the warden who thereafter imprisoned him were protected from personal liability by reason of acting under process valid on the face thereof. The imprisonment in question was unlawful and has been so adjudicated (People ex rel. Nastassi v. Martin, 267 App. Div. 629). The defendant State was the party which caused it and in order to avoid liability it must justify the unlawful detention. It has failed to do so. (Troutman v. State of New York, 273 App. Div. 619.)
Judgment reversed on the law alone, and claim dismissed, without costs.
The court affirms the facts as found by the court below. [194 Misc. 449.]