FRANCIS WHITE, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Claim No. 30223.)

Court of Claims, December 29, 1950.

*Leslie P. Glick* and *Bernard S. Glick* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Howard F. Danihy* of counsel), for defendant.

SYLVESTER, J. Claimant seeks recovery in damage for unlawful detention in a State prison beyond his maximum term.

On July 3, 1936, he was sentenced in the Court of General Sessions to five years for a second degree larceny. On September 9, 1936, this sentence was revoked and claimant resentenced to a term of not less than five years nor more than ten years, with deduction for time already served, computed from the date of his original arrest on May 1, 1936. He was confined at Sing Sing Prison and later transferred to Clinton Prison, where he remained until paroled on March 7, 1940.

On March 8, 1943, while on parole, he stole an automobile in the State of New Jersey, for which he was subsequently there convicted and imprisoned. Discharged on February 28, 1945, he was taken into custody by the New York parole authorities who had declared him a parole violator as of March 8, 1943, and remanded to Sing Sing Prison on March 7, 1945. On April 29, 1945, he was transferred to Clinton Prison where he remained until his release on February 15, 1949.

Contending that his sentence expired on April 20, 1948, claimant protested his further detention and demanded his discharge. His claim here rests upon the failure of the prison authorities to compute, in reduction of his maximum sentence of ten years, the period during which he was on parole, commencing March 7, 1940 to March 8, 1943, when the Parole Board declared him delinquent.

The State, on the other hand, asserts that claimant is not entitled to the deduction because his New Jersey crime was the equivalent of a felony in New York and relies on section 219 of the Correction Law, the pertinent part of which read: " If

any prisoner while on parole from a state prison or from the Elmira reformatory shall commit a crime under the laws of another state government or country which if committed within this state would be a felony, and if he shall be convicted of such crime, he shall upon being returned to this state be compelled to serve in state prison the portion remaining of the maximum term of the sentence on which he was released on parole from the time of such release on parole until the expiration of such maximum.'' Within the language of that section the elapsed time on parole would not be deductible if the New Jersey conviction was for a crime which, if committed here, would be regarded as a felony. It has been held, however, that the grade of the crime is to be measured by the statute under which the indictment is drawn. (*People* v. *Olah,* 300 N. Y. 96.)

The crime of stealing a motor vehicle, regardless of its value, is made a '' high misdemeanor '' (felony) in New Jersey (N. J. Rev. Stat., § 2:145-6). Its counterpart is not found in our Penal Law. The value of the chattel is not made a component element of the crime and speculation may not be indulged to bring it within the terms of our grand larceny statutes.

To constitute a felony in New York, the New Jersey statutory definition of the crime would be required to embrace in addition to the unlawful taking, any one of the elements prescribed in subdivisions 1 and 2 of section 1294 and section 1296 of our Penal Law defining the crime of grand larceny in its first and second degrees respectively. A conviction under a New Jersey larceny statute, making the theft of $20 or more a '' high misdemeanor '', was not here regarded as a felony conviction under section 1941 of our Penal Law, dealing with punishment for a second or third offense of felony. It is the statute upon which the indictment was drawn that necessarily defines and measures the crime, regardless of the immaterial recitals in the indictment (*People* v. *Olah, supra,* p. 98). Applying the *Olah* rule to the instant case, it would then appear that section 219 of the Correction Law may not be invoked to curtail the prisoner's credits for time served while on parole to the date of the declaration of delinquency, for, if committed here, the precise charge would not have constituted a felony.

Claimant was accordingly entitled to be credited with the period while on parole to the date of the Parole Board's declaration of his delinquency, computed against his maximum sentence. (Correction Law, § 218; *People ex rel. Dote* v. *Martin,* 294 N. Y. 330; *People ex rel. Sormberger* v. *Martin,* 266 App. Div. 48.)

In the *Dote* case, LEHMAN, Chief Judge, for a unanimous court, stated (pp. 332-333): " Upon the declaration of delinquency by the Board of Parole the relator owed the unexpired portion of his original sentence from the date of the delinquency. (Correction Law, § 218.) He could not be compelled to serve the additional time between the date of his release on parole and the date as of which he was declared delinquent. He was entitled to credit for that time. (*People ex rel. Ingenito* v. *Warden, etc., Auburn Prison* [267 App. Div. 295, affd. 293 N. Y. 803], *supra.*)"

This case is distinguishable from *Nastasi* v. *State of New York* (275 App. Div. 524, affd. 300 N. Y. 473) cited by the State. There the court exonerated the State from liability for false arrest and imprisonment in the absence of anything on the face of the declaration of delinquency and warrant for claimant's arrest to indicate to the arresting officers and confining authorities that they were not valid. In that case the claimant was recaptured as a parole violator after his sentence had expired. Writing for the majority, DEYO, J., stated at page 526: " The arresting officers and the confining authorities were under a duty to comply with this declaration and warrant, the invalidity of which was not determined until the decision in the habeas corpus proceeding had been handed down. They were not obliged to institute an inquiry in order to satisfy themselves that no error had been committed. They were confronted with what appeared to be a valid directive for the arrest and incarceration of the claimant, and in yielding obedience to it they did not subject themselves or the State to an action for false arrest and imprisonment. (*Douglas* v. *State of New York,* 269 App. Div. 521, affd. 296 N. Y. 530; *Mudge* v. *State of New York,* 271 App. Div. 1039; *Reilly* v. *State of New York,* 190 Misc. 862; *Porter* v. *State of New York,* 190 Misc. 739.) "

In the case at bar, no attack is made upon the validity of the 1945 arrest; nor on the ensuing incarceration until approximately four years later. It was then that claimant's maximum sentence expired, an event that required the confining authorities to release him.

Claimant having been illegally detained for a period approximating ten months beyond his maximum sentence, he is awarded the sum of $4,500 for his unlawful imprisonment and loss of earnings.

Findings may be submitted within fifteen days from the date hereof, otherwise this memorandum will constitute the decision of the court. Judgment is directed to be entered accordingly.