Louis Hoffner, Claimant, *v.* State of New York, Defendant.
(Claim No. 33152.)

Court of Claims, June 16, 1955.

*Leo Healy, Harry G. Anderson* and *Austin E. Titus, Jr.,* for claimant.

*Jacob K. Javits, Attorney-General (Donald C. Glenn* of counsel), for defendant.

YOUNG, J. This is a claim against the State made pursuant to chapter 841 of the Laws of 1955. That chapter gives jurisdiction to this court to hear, audit and determine Hoffner's claim for damages arising out of wrongful conviction on a charge of murder in the first degree.

The wrongfulness of Hoffner's conviction has already been decided by Queens County Judge FARRELL in *People* v. *Hoffner* (208 Misc. 117). We do not intend, and indeed we do not believe it within the province of this court, to assess, review or redetermine the decision capably rendered by Judge FARRELL. Suffice it to say that claimant has fulfilled the requirements of the enabling act to prove his wrongful conviction by the offer and reception of Judge FARRELL's decision.

Thus, the decision remaining is how to compensate a man convicted of murder, sentenced to life imprisonment, and forced to spend nearly twelve years behind bars, all for a crime he didn't commit. Inherent also in this decision must be the fact that the

District Attorney's office had possession of evidence, which, if known to defendant's counsel, would have prevented this tragic miscarriage of justice.

The Court of Claims has rightfully been called '' the conscience of the State '' and we can be proud that our system of laws recognizes that our citizens deserve redress not only for claims legally enforcible but also for moral obligations. While it is true, and ofttimes remarked, that innocent men must at times suffer indignity from the law as the price of civilization, such a comment applied to the instant case would shock rather than satisfy the State's conscience.

The State, by its brief suggests that more compensatory than money is the apologetic gesture of a penitent society. It seems to the court that such an apology accompanied by a token payment would add a highhanded insult to an almost inconceivable injury.

The claimant has been humiliated, degraded, shamed and suffered a loss of reputation and earnings. For this he must be paid, and for this money damages can be compensatory. But all the wealth of the State of New York could not compensate the claimant for the mental anguish suffered through nearly twelve years of false imprisonment, under the impression that he would be there for the rest of his life. How can a man be repaid who has been branded a murderer and whose only hope is an early death to release him from the sentence erroneously passed on him? For this, any award is bound to be a mere token, but it should compensate as well as the medium allows.

In making this award, the court is taking into consideration certain balancing factors. Prior to his conviction the claimant's earnings were low and his employment spasmodic at best. His reputation had suffered much injury by his own hand, by virtue of previous convictions and a jail sentence.

It is the opinion of this court that the claimant Louis Hoffner is entitled to an award against the State of New York, inclusive of loss of earnings, of $112,290.

The parties have thirty days within which to submit proposed findings of fact and conclusions of law, otherwise this opinion shall constitute the decision of this court. (Civ. Prac. Act, § 440.)

Let judgment be entered accordingly.