Richard S. Heller, J.
This claim for $250,000 against the State of New York is to recover damages for the wrongful detention of the claimant beyond the maximum term of his sentence.
Claimant .pleaded guilty on April 18, 1947 to an indictment filed January 13, 1947 charging him with the felony crime of robbery, third degree, on or about December 14, 1946.
Upon his plea he was committed to the Reception Center at Elmira, New York, for classification and confinement pursuant to article 3-A of the Correction Law. He was received at the Reception Center on April 24, 1947, as is shown on the original papers, with a notation that his commitment was “ less 115 days time served in City Prison Manhattan or other Department of Correction institution, prior to trial and sentence.”
The maximum time that claimant could serve under the commitment was five years. (People ex rel. Johnson v. Martin, 283 App. Div. 478, affd. 307 N. Y. 713.)
The entire record furnished by the New York State Department of Correction shows that the claimant was kept in Auburn Prison for 1 year, 2 months and 20 days after his maximum sentence had expired. It also shows that claimant was kept in Sing Sing Prison for 4 months and 4 days after his maximum *391 sentence had expired. In addition the record shows that the claimant was kept on parole for 7 months and 25 days after his maximum sentence had expired.
This court has held that under the same circumstances a claimant is entitled to an award for such wrongful detention. (Waterman v. State of New York, 207 Misc. 773, affd. 1 A D 2d 235, affd. 2 N Y 2d 803.)
The State relies on the case of Nastasi v. State of New York (275 App. Div. 524) as a complete defense to this claim. It is their opinion that the warrants issued were valid when issued and thus acted as a protective shield to the State.
The Court of Claims has distinguished the Nastasi case from the present facts. (See Waterman v. State of New York, 207 Misc. 773, affd. 1 A D 2d 235, affd. 2 N Y 2d 803, supra; Gershinsky v. State of New York, Claim No. 32632; White v. State of New York, 199 Misc. 728.)
An analysis of the facts as presented in the instant case, which differs from Nastasi, shows no judicial error and seems to this court to more nearly require a decision as stated in the dissenting memorandum of the Nastasi case (supra, p. 526):
“ The question here is not whether the officers who arrested claimant in 1941 or the warden who thereafter imprisoned him were protected from personal liability by reason of acting under process valid on the face thereof. The imprisonment in question was unlawful and has been so adjudicated * * *. The defendant State was the party which caused it and in order to avoid liability it must justify the unlawful detention. It has failed to do so. (Troutman v. State of New York, 273 App. Div. 619.) ”
In this claim a writ of habeas corpus was sustained by Justice Frank H. Coyne, Supreme Court in and for Westchester. This order has not been appealed so it remains a determination that the imprisonment was unlawful.
The claimant is entitled to an award for the unlawful- deten-tian beyond the 5-year maximum period, i.e., 1 year, 6 months, and 24 days served in prison; 7 months and 25 days served as parole.
In fixing the amount of the award it is necessary to look into his earning capacity at the times when he was free on parole, taking into consideration the fact that employment is neither plentiful nor lucrative for a parolee as it is for others. Also in fixing the award consideration must be given for loss of liberty and for the humiliation and the indignity suffered while in prison and the restriction of unlawful parole. In granting *392 an award on these intangibles the conduct of the claimant on parole and his desire to remain at large must be reviewed and evaluated.
Claimant Roger Williams was received at the Elmira Reception Center on April 21, 1947 after having served 115 days in jail in New York City. He was classified at the center and then confined to Elmira Reformatory from July 3, 1947 to April 5, 1949, when he was paroled.
During his first parole period of some eight months he was employed about four months but the record does not reveal any rate of earnings.
On October 19, 1949 the claimant was declared delinquent, a warrant was issued on October 30, 1949 and he was picked up on December 8, 1949. He was returned to Elmira Reformatory, where he was again imprisoned until January 2, 1951, on which date he was again paroled.
His second parole lasted from January 2, 1951 until January 23, 1952, when he was arrested pursuant to a warrant issued on November 23, 1951 upon a declaration of delinquency dated October 3, 1951. During this period he was employed for about two months with weekly earnings of $48. The testimony shows that during part of the time he had a “ rash ” and was unable to work.
On January 23, 1952 he was returned to Elmira Reformatory and confined until April 1, 1952, when he was transferred to Auburn Prison, where he stayed until paroled on July 6, 1953. It should be noted here that at the time of the transfer to Auburn claimant had only 25 days left to serve on his maximum. When released on parole on July 16, 1953, he had served 1 year, 2 months and 20 days after his maximum had expired.
While serving at Auburn claimant states that he complained on at least two occasions that 5 years was his maximum term and was told on each occasion that his maximum was 10 years.
Immediately on being paroled on July 16, 1953 the claimant obtained a job which he kept until March 16, 1954, when he was again arrested on a warrant issued on March 12, 1954. His earnings were $42 weekly for this period of 7 months and 25 days but since they were available to him during this period there is no loss of earnings.
At the time of his arrest on March 16, 1954 he had served 1 year, 2 months and 20 days more than his maximum and had been under the restrictions of parole for an additional 7 months and 25 days. He had married on January 3, 1954.
After being arrested on March 16, 1954 he was sent to Sing-Sing Prison on March 25, 1954 and was discharged July 29, *393 1954 after serving a total of 4 months and 4 days, all of which was unlawful.
The claimant is awarded the sum of $4,000 as damages in full for his unlawful detention and the restrictions of an unlawful parole.
The foregoing constitutes the written and signed decision upon which judgment may be entered (Civ. Prac. Act, § 440).
Let judgment be entered accordingly.