Vincent A. Lupiaito, J.
This is a proceeding upon a writ of habeas corpus. The relator was convicted on March 28, 1932, upon a plea of guilty, of the crime of armed robbery, third degree, and received an indeterminate term of 10 to 20 years, of which 5 years of such minimum and 10 years of such maximum was increased punishment for being armed. He was committed to State prison and paroled on November 27, 1939. He was declared delinquent on March 27, 1947 for leaving the State of New Jersey without permission of the parole authorities. A parole warrant was issued on April 4,1947, but no further action was taken and he was not returned to the custody of the New York Parole Board. He was tried before the Juvenile and Domestic Relations Court of New Jersey upon complaint of his wife for nonsupport on February 3, 1947 under the provisions of the Domestic Relations Law of New Jersey, and placed upon probation. He was not returned to New York after this conviction. On November 3, 1948 he was sentenced in Essex County Court in New Jersey to two and one half to three years for forgery and five to seven years for receiving stolen goods. After serving this New Jersey sentence, relator was returned to New York State on September 23,1953 for violation of parole owing 11 years, 9 months, and 16 days delinquent time. He was consequently ordered to Clinton Prison on November 3, 1953 and is presently in City Prison in New York County.
The relator contends, in substance, that the action of the Parole Board of New York in 1947 in declaring him a delinquent had the effect of reducing his time from the date of his parole on November 27, 1939 up to and including the time that he was declared a delinquent pursuant to section 218 of the Correction Law of New York State. This argument might have some validity if the relator had, in fact, been returned to New York, and after a hearing been remanded to State prison. However, a *513 failure to return him to New York cannot possibly be construed as a tolling of the running of his parole time or constituting a waiver of any rights to punish him for a commission of a subsequent felony while still on parole.
The relator further contends that his conviction in the Domestic Relations Court in New Jersey in 1947 was a felony and it was mandatory for the Parole Board of New York to effectuate his return to prison at that time pursuant to section 219 of the Correction Law of New York, that thereafter the parole board had no authority to consider him on parole and he should be accredited with the time from the date of parole. He relies upon People ex rel. Nastassi v. Martin (267 App. Div. 629). I have read section 2 of chapter 121 of title 2 of the Revised Statutes of New Jersey of 1937 (as amd. by L. 1944, ch. 195, § 1 and now known as rev. tit. 2-A, ch. 100, § 2) upon which, it is conceded, the relator was convicted in the Juvenile and Domestic Relations Court of New Jersey. I find it to be a misdemeanor conviction, at best, and not a felony within the terms of section 480 of the Penal Law of New York. (Matter of Kane v. Necci, 269 N. Y. 13.) Even assuming it were a felony, the relator was not returned to the custody of the Parole Board of New York for the violation until September 23,1953. This latter date was the earliest that New York could act. In this respect the relator’s reliance upon People ex rel. Nastassi v. Martin (supra) is misplaced. For in that case the prisoner was actually in the custody of the parole authorities when re-paroled.
The fact remains that the relator, while on parole, committed a felony in New Jersey and upon being returned to New York was properly remanded to Clinton Prison pursuant to section 219 of the Correction Law of New York which states in part: ‘ ‘ If any prisoner * * while on parole from a state
prison, shall commit a crime under the laws of another state, government or county which if committed within this state would be a felony, and if he shall be convicted of such crime, he shall upon being returned to this state be conroelled to serve in state prison the portion remaining of the maximum term of the sentence on which he was released on parole from the time of such release on parole until the expiration of such maximum ”.
(Also People ex rel. Mercurio v. Morhous, 269 App. Div. 796; People ex rel. Johnson v. Morhous, 267 App. Div. 932; People ex rel. Mullins v. Jackson, 286 App. Div. 938, appeal denied 309 N. Y. 1031.)
Accordingly the writ of habeas corpus is dismissed.
Settle order.