Cross appeals from a judgment of the Court of Claims entered upon a memorandum decision. On April 18, 1947 the claimant was sentenced at the New York General Sessions “for an *937 indefinite term ” in “ a State Institution under the jurisdiction of the Department of Correction ” and “ committed to the Reception Center * * * at Elmira, N. Y., for classification and confinement, pursuant to Article 3-A of the Correction Law ”. The applicable statutes effective at the time of sentence were open to differing interpretations; but it became settled by People ex rel. Johnson v. Martin (283 App. Div. 478, affd. 307 N. Y. 713) that a commitment for an indefinite term such as the one here considered was deemed to be for a period of five years. (See, also, Waterman v. State of New York, 1 A D 2d 235, affd. 2 N Y 2d 803; cf. Penal Law, § 1931, as amd. by L. 1949, ch. 389; Correction Law, § 288.) Claimant’s maximum sentence of five years, if fully served in prison or on parole, would have expired in April, 1952. During a portion of this time he was released on parole and during a portion of it he had been declared delinquent without being apprehended. In January, 1952 he was arrested upon a Parole Board warrant and returned to Elmira; he was transferred to Auburn Prison in April, 1952, where he remained until July, 1953 when he was again paroled, and in March, 1954 he was again arrested on a Parole Board warrant and committed to Sing Sing Prison. He was discharged on a writ of habeas corpus in July, 1954 by the Supreme Court in Westchester County under authority of People ex rel. Johnson v. Martin (supra). A claim against the State for arrest and detention beyond the period authorized by law has been prosecuted by claimant and the court has entered a judgment in his favor. The court has found that claimant’s detention in Auburn Prison exceeded by about 15 months, and his detention in Sing Sing by about four months, the lawful termination of sentence and he was restrained under parole conditions about eight months beyond such time. An award of $4,000 has been made. Both sides appeal. The State in effect argues for a reconsideration of the statutory interpretation made in People ex rel. Johnson v. Martin (supra) which we do not regard as open; but its main point is that it is protected from liability for any error resulting from the quasi-judicial nature of the determinations of delinquency and the warrants for detention of the Parole Board (Nastasi v. State of New York, 275 App. Div. 524; affd. 300 N. Y. 473). But the warrants as they appear in the record before us merely direct that “ said prisoner be retaken” and the return of the prisoner to the custody of the warden. When the warden received him' he is required to look to the basic judgment and the statute under which it is given to determine how long to hold the prisoner. Thus, the Superintendent of Elmira and the Warden of Auburn properly received the claimant, but the prisoner was required to be discharged when five years of the sentence had been served; and when the Warden of Sing Sing in March, 1954 received the prisoner under parole warrant he was required to examine by what authority he could hold him and for what period. As the court held in habeas corpus, the sentence had fully expired, and judgment for claimant seems justified (Waterman v. State of New York, supra). On claimant’s appeal, we regard the award of $4,000 adequate. Judgment affirmed, without costs.
[8 Misc 2d 390.]
Foster, P. J., Bergan, Coon and Gibson, JJ., concur.