Richard S, Heller, J.
This claim for damages resulting from an erroneous conviction of the crime of grand larceny second degree and imprisonment therefor comes before this court pursuant to chapter 804 of the Laws of 1959 which became effective on April 24, 1959. Section 1 of that act provides as follows: “ Jurisdiction is hereby conferred upon the court of claims to hear, audit and determine the claim of Jack H. Butters against the state for damages sustained by him as a result of and in connection with his erroneous indictment and conviction of the crime of grand larceny, second degree, as a claim founded in right and justice or in law and equity, in that such indictment did not accuse the said Jack H. Butters of the crime of grand larceny, second degree, for which he was convicted and sentenced to an indeterminate term of not less than two and one-half nor more than five years in state prison and from which he was released by order of the Honorable Gerald S. Hewitt, Cayuga county judge on February fifteenth, nineteen hundred fifty-seven, after the said Jack H. Butters had been imprisoned for a period of time in excess of any maximum sentence which might have been pronounced had he been convicted of any crime of which he was, on the face of said indictment, accused.”
The facts are undisputed. Claimant was indicted by the Grand Jury of Schuyler County in June, 1953 on three counts of grand larceny in the second degree under sections 1290, 1292-a and 1296 of the Penal Luav. The indictment arose out of the claimant having on or about March 25,1952 with intent to defraud, made, drawn, and uttered and delivered a check, draft and order upon a bank for the payment of money knoAving at the time of such making, draAving, uttering and delivering that the maker and draAver had not sufficient funds in or credit with such bank for the payment of a cheek, draft and order. Claimant thereby obtained from Freudenheim’s Store, Montour Falls, New York, certain property having an aggregate value of $100 consisting of merchandise and cash. He was advised of all his rights, including’ his right to have counsel. On his plea of guilty on October 2, 1953, Avithout counsel, he Avas sentenced in Schuyler County Court to a term of two and one-half to five years for the crime of grand larceny, second degree. He was sentenced to Attica Prison on October 5, 1953 credited with 17 days prior jail time and paroled on May 23, 1955. He was delinquent in December, 1955 and sent to Auburn Prison on March 15, 1956 *107 with 2 years, 18 months and 13 days remaining on his sentence. He had been credited with nine days’ parole jail time.
He had served 11 months when on February 15, 1957 he appeared before Cayuga County Judge Herald S. Hewitt on a writ of habeas corpus claiming that the sentence for grand larceny second degree was invalid as the amount was exactly $100 which constitutes petty larceny. Judge Hewitt sustained the writ and ordered claimant’s release.
Claimant actually was confined for 2 years, 7 months and 14 days. He was on parole for 7 months and 2 days making a total time served pursuant to the sentence of 3 years, 2 months and 16 days.
The impropriety of claimant’s detention as determined by the Cayuga County Court is binding upon this court. (Waterman v. State of New York, 207 Misc. 773, affd. 1 A D 2d 235, affd. 2 N Y 2d 803.) The State relies on such cases as Jameison v. State of New York (7 A D 2d 944); Ritter v. State of New York (283 App. Div. 833); Douglas v. State of New York (296 N. Y. 530) and Mudge v. State of New York (271 App. Div. 1039). In none of these cases was there any enabling act referring to “ a claim founded in right and justice or in law and equity ”. Each of those cases involved action or failure to act by a judicial officer or a person who was not an officer or employee of the State. In each instance it was held that the wrong complained of could not give rise to any liability on the part of the State.
The proper considerations before this court in determining this claim under the enabling act are set forth in Farrington v. State of New York (248 N. Y. 112). The primary question so presented is whether or not there was legislative power to pass this enabling act.
It appears to this court that such power does exist. This particular claim does belong “to a class concerning which the Legislature, in the exercise of a wide discretion, might reasonably say * * * are founded in equity and justice and involve a moral obligation on the part of the State which it should satisfy.” (Farrington v. State of New Yorh, supra, p. 115.) Had the improper confinement beyond any period permissible under the statute for the crime actually committed been the result of a ministerial act of an employee of the State, it would have been a legal wrong for which the claimant would have been entitled to redress without any enabling act. (Waterman v. State of New Yorh, supra; Williams v. State of New York, 8 Misc 2d 390.) "Where the wrong results from the improper application of the law in derogation of the claimant’s *108 rights by a District Attorney acting in the name of the People of the State of New York, the Legislature certainly has the power to say that the wrong involves a moral obligation on the part of the State which it should satisfy. (Hoffner v. State of New York, 207 Misc. 1070.)
Section 2 of the enabling act provides that any damages which the court may find shall constitute a valid and legal claim against the State and delineates some items which may be included as damages. The court does not believe that this in any way changes the applicable measure of damages and that it should involve the same considerations which would be true if this recovery were for an improper confinement giving rise to a legal claim without an enabling act. (Williams v. State of New York, supra.)
Applying the considerations referred to in the Williams case,this court finds that the claimant is entitled to an award in the amount of $7,000 as damages in full for his • unlawful detention and the restrictions of an unlawful parole.
The foregoing constitutes the written and signed decision upon which judgment may be entered. (Civ. Prac. Act, § 440.)