Sidney Squire, J.
The defendant moves for an order pursuant to rule 90 of the Rules of Civil Practice, requiring claimant to serve and file an amended claim separately stating and numbering his alleged causes of action.
The attacked pleading repeatedly refers to claimant’s “ claim ” in the singular. Causes of action are not “ separately stated and numbered” (said rule 90) although paragraph 6 of the pleading alleges6. The claim is for false arrest, false imprisonment, malicious prosecution and negligence.”
*216 Claimant's opposing- memorandum of law maintains: “The claim arises out of an arrest, imprisonment and a subsequent alleged malicious prosecution coupled with negligence on the part of the representatives of the State involved therein as reviewed and decided in People v. Hamm (9 N Y 2d 5, 7-12). Counsel for claimant respectfully represent that the claim as filed in the office of the Clerk of this Court fully states all of the requisite facts to constitute the causes of action [emphasis supplied] in each of the areas herein referred to and respectfully request that this application calling for duplicatory response be in all respects denied.”
The defendant’s brief asserts (and we agree) that unless rule 90 is utilized it is unable intelligently to plan and prepare to defend this lawsuit.
More than one Statute of Limitations is applicable to separate causes of action for “ false arrest, false imprisonment, malicious prosecution and negligence. ” As a matter of law, the defenses to each of said causes are different and varied.
Buie 90 should be invoked even though no answer or other pleading by the defendant is required in this court (Buies of Court of Claims, rule 13) unless a counterclaim is interposed. As presently pleaded, the defendant is prevented from moving to dismiss the pleading for legal insufficiency or as violative of a Statute of Limitations, if the claim states any cause of action. (Wallace v. Perlman, 9 A D 2d 934; Oshins v. Zimmerman, 284 App. Div. 989.) When the several causes of action will be separately pleaded in an amended claim, the defendant can test the legality and timeliness of the averred respective invasions of separate rights.
Here we do not have a series of separate acts constituting a single wrong. Indeed, the pleading (par. 6) states that claimant is proceeding* on several different recognized causes of action.
In Brandt v. Winchell (283 App. Div. 338) Mr. Justice Callahan wrote for the majority of the Appellate Division, First Department, at the bottom of page 342: “ each such tort should be pleaded as a separate cause of action and the resultant damage or injury separately stated. It is only by á complaint of this nature that the defendant may be able to test the sufficiency of the pleading or move with respect to the complaint' on the basis of the Statute of Limitations. The complaint should only allege the ultimate facts constituting each separate wrong, not legal conclusions. The operative dates as to each tort should be pleaded in each instance (Al Raschid v. News Syndicate Co. [265 N. Y. 1], supra).”
*217 The motion is granted. Short-form order signed directing the claimant to serve and file an amended claim separately stating and numbering his alleged causes of action.