Sidney Squire, J.
These are two separate motions made by the defendant for relief with respect to the four causes of action pleaded by the claimant, each demanding $1,000,000 for a total of $4,000,000.
Motion No. M-8639 seeks summary judgment pursuant to CPLR 3211 (subd. [a], par. 7) dismissing the first three causes *674 of action. Motion No. M-8640 desires corrective relief pursuant to CPLR 3014, to compel claimant to separately state and number the allegations of assault and battery averred in the fourth cause of action.
Paragraph 2 of the claim (pleading) summarizes the four causes of action as follows: “2. That this is a claim for damages sustained by the claimant by reason of the false imprisonment and illegal detention of claimant at Matteawan State Hospital from May 19, 1947 to September 8, 1961, set forth in the 1st Cause of Action; by reason of the negligence of State of New York doctors and others in failing to use ordinary care and prudence in giving the claimant psychiatric examinations, and in other respects, as set forth in the 2nd Cause of Action; by reason of the negligence on the part of the defendant’s Attorney General and Assistant Attorneys General in failing to use ordinary care and prudence, as set forth in the 3rd Cause of Action; and for damages for personal injuries sustained by the claimant as the result of the assault and battery committed on the claimant by defendant’s employees and patients in the Matteawan State Hospital, as set forth in the 4th Cause of Action. ’ ’
MOTION NO. M-8639
The parties hereto have submitted the affidavits of their respective counsel plus exhibits in favor of and in opposition to this motion. The first cause of action relies on a series of occurrences predicated principally on the alleged erroneous order of the Court of General Sessions of the County of New York, signed by a Judge thereof on May 5, 1947 committing the claimant herein (there the “ defendant ”) to Matteawan State Hospital without the essential prior services on his lawyer of the psychiatric report and notice of the hearing so that he would have the “ opportunity to be heard ” (Code Grim. Pro., §§ 662-a, 662-b), and the subsequent claimed failure of the Superintendent of said hospital to make any inquiry beyond said court order, resulting in the confinement of the claimant at said hospital for over 14 years. Claimant was discharged following the order of the Supreme Court of the State of New York dated August 31, 1961 and recorded in the office of the Clerk of Dutchess County on September 5, 1961 after a Justice of the Supreme Court had granted this claimant’s writ of habeas corpus. Said successful result was obtained by claimant’s present attorneys of record herein after prior writs of habeas corpus had been dismissed throughout earlier years.
*675 This first cause of action cannot stand as a matter of law. The afore-recited order of commitment was valid on its face despite the legal conclusions averred in paragraph 10 of the pleading and other allegations which have not been supported legally. The pleading does not allege that State employees failed to effectuate the services of the psychiatric report and notice of the hearing. In any event, the omissions or commissions would be part of a judicial function for which the State of New York is not liable.
As noted, the commitment order was valid on its face. The Superintendent of the State hospital was compelled to comply therewith. Mr. Justice Deyo wrote for the Third Department in Nastasi v. State of New York (275 App. Div. 524, 525) that: “It does not necessarily follow * * * that a determination of illegality of imprisonment gives rise ipso facto to a claim for damages for false arrest and imprisonment.” He continued at page 526: 1 ‘ The confining authorities were under a duty to comply with this declaration and warrant, the invalidity of which was not-determined until the decision in the habeas corpus proceeding had been handed down. They were not obliged to institute an inquiry in order to satisfy themselves that no error had been committed. They were confronted with what appeared to be a valid directive for * # * incarceration of the claimant, and in yielding obedience to it they did not subject themselves or the State to an action for false arrest and imprisonment. (Douglas v. State of New York, 269 App. Div. 521, affd. 296 N. Y. 530; Mudge v. State of New York, 271 App. Div. 1039; Reilly v. State of New York, 190 Misc. 862; Porter v. State of New York, 190 Misc. 739.)” This was unanimously affirmed without opinion (300 N. Y. 473).
Accordingly, the first cause of action is dismissed.
The second cause of action alleges negligence by the staff doctors at said hospital in a number of aspects. I recognize and follow the legal principles most recently repeated in Higgins v. State of New York (24 A D 2d 147), reiterating through abundant citations that the State is not liable for a ‘ ‘ professional or diagnostic error” or “professional judgment ” or “where the risk was not reasonably foreseeable ” or would “ unreasonably interfere with the rehabilitative processes and the obligation of the State to apply modern and generally accepted methods and controls ”. Although many of these factors which cannot sustain a pleading are alleged in the second cause of action, there are also averments that the defendant was negligent in failing ‘ ‘ to conduct regular treatment and *676 periodic comprehensive examinations of the claimant ’ ’ and “in failing to provide ordinary medical care in addition to failing to attend to and to treat the personal injuries which the claimant sustained from beatings he suffered at the hands of fellow patients and attendants in the employ of the defendant at said State hospital ’ ’.
The foregoing is amplified in claimant’s bill of particulars, verified by the claimant. The defendant’s moving papers do not dispose of these portions of this cause of action. Indeed, the moving affidavit of an Assistant Attorney-General who does not have personal knowledge of these facts is legally insufficient when summary judgment is sought by a defendant.
These issues reflect questions of fact which must be resolved at a trial. The portion of the motion which seeks a dismissal of the second cause of action, is denied.
The third cause of action pleads negligence on the part of the State’s Attorney-General or members of his staff for allegedly failing to perform professional duties. Such cause of action runs counter to Instalment Dept. v. State of New York (21 A D 2d 211). There, the Appellate Division, Third Department (May, 1964), determined that the State is not liable for such professional acts of the head of the State’s Department of Law or his assistants. The third cause of action must be and is dismissed.
Short-form order on this motion is being signed contemporaneously herewith.
motion no. m-8640
On this separate motion the defendant moves “ for an order requiring the claimant to separately state and number each incident of assault and battery alleged in the fourth cause of action, pursuant to Buie 3014 of the Civil Practice Law and Bules ’ ’.
The fifth sentence of that rule prescribes that “ Separate causes of action * * * - shall be separately stated and numbered ”. However, CPLB 3024 headed “Motion to correct pleadings ” specifically provides for such relief only as to (a) “Vague or ambiguous pleadings” and (b) “Scandalous or prejudicial matter” and directs that (c) such motion “shall be served within twenty days after service of the challenged pleading ”.
Erudite writers of texts and articles did not agree as to whether or when a pleading could be attacked under CPLB 3014 because separate causes of action were not separately stated *677 and numbered. Two of our Appellate Divisions have agreed that such an assault is available to a defendant.
The First Department in Wolf v. Wolf (22 A D 2d 678 [Oct., 1964]) and the Second Department in Consolidated Airborne Systems v. Silverman (23 A D 2d 695 [denial of motion to dismiss appeal]) and most recently (24 A D 2d 735 [Sept., 1965]) have determined that such motion can be made under CPLB 3014. This is the section utilized by the movant. It is applicable in this court just as it was available under rule 90 of the Buies of Civil Practice. (Hamm v. State of New York, 27 Misc 2d 215.)
However, the interests of justice require the denial thereof at this time. At bar, the defendant was served with claimant’s pleading on or about August 31, 1963. Bule 13 of our court requires no answer by the defendant. On April 28, 1964 the defendant served a demand for a bill of particulars. On or about June 4, 1964 claimant served his bill of particulars verified by him on said date, responding to each of the 39 items requested by defendant. Over a year later, the instant motion is made.
I believe that this motion should have been made in our court within a reasonable time after the claim was served. That was not done in this case. In the Supreme Court prior to the advent of the CPLB, it was determined that such motion had to be made before the service of an answer. (Brown-Duffy Goatskin Corp. v. Henkel, 211 App. Div. 342 [1st Dept., Jan. 1925]; Newton v. Livingston County Trust Co., 231 App. Div. 355, 362 [4th Dept., Jan. 1931].) In any event, an objective view of the circumstances herein compels the motion’s denial. All of the alleged and detailed assaults occurred at Matteawan while claimant was under the defendant’s supervision and control. The Statute of Limitations is suspended during that time. We are not confronted here with situations where some causes of action could be dismissed because they were untimely. Moreover, the verified bill of particulars contains more details than is customarily alleged in a pleading.
No substantial right of the defendant is being prejudiced ('CPLB 3026). This case has been advancing on the Trial Calendar. It will be reached for trial during the term beginning next month. The defendant has not disputed the statements in the affidavit of claimant’s counsel that the defendant has not furnished him with photostats of hospital records, etc., as provided in an order of this court signed by a colleague of mine on September 26, 1964. The opposing papers include copies of two subsequent letters from said counsel to his adversary. *678 I realize that the venue of this case has been changed from Albany to New York City and that the defendant has assigned a new trial assistant. This should cause prompt attention to the fulfillment of the outstanding order.
Under all of the circumstances at bar, this motion is denied.