Henry W. Lengyel, J.
This is a motion by the State of New York demanding that the claim herein be dismissed for failure to comply with the jurisdictional filing requirements set forth in section 10 of the Court of Claims Act.
The claim herein seeks to recover damages in the sum of $5,000,000, allegedly for the negligence of the State of New York and for the false imprisonment of the claimant from “ on or about February 21, 1940 until May 11, 1967, a period of twenty-seven (27) years, two (2) months and nineteen (19) days. ” The claim also contends that the State violated the claimant’s civil and constitutional rights.
In April, 1970, the State of New York, pursuant to CPLR 3211 (subd. [a], par. 7), moved for an order dismissing this claim for failure to state a cause of action. This claim was one of a series of claims, 24 in number, carried on the Water-town District Calendar; and, the same motion for dismissal was brought against all of said claims. The State’s motions were made solely on the motion papers and without accompanying affidavits. We dismissed 10 of these claims and denied the State’s motion in the remaining 14, of which the claim herein was one. (See Allen et al. v. State of New York, Claim No. 48161, etc., Motion No. M-12673, July 17, 1970, not reported.) We stated that the Vitello• claim would not be dismissed because it “ states multiple causes of action which sound in malpractice, negligence, physical injury, etc., as well as lack of notice. ” The State did not appeal from our decision. We do not believe that a review of the factual situation and a ruling on whether or not this claim states a cause of action in false imprisonment, as is requested by State’s counsel, would be just and proper in this proceeding. We, therefore, do not rule on said point; and, we restrict our ruling to the question of untimely filing. We think we should point out, however, that the scattergun approach, of this inartistically drawn pleading, makes it difficult to discern and evaluate the separate causes of action. It is unfortunate that the State did not, a reasonable time after the claim was served, move for an order requiring the claimant to separately state and number his various causes of action. *584 (See CPLR 3014 and 3024.) However, as the claim herein was filed on April 26, 1969, the time for such a motion has obviously passed. (See Whitree v. State of New York, 48 Misc 2d 673, 676, 677, affd. 26 A D 2d 720, mot. lv. to app. den. 18 N Y 2d 583.)
On or about June 12, 1935, the claimant was sentenced to a maximum term of five years for the crime of attempted robbery, third degree (second offense). He allegedly had been arrested and jailed on February 21, 1935 for such act. He remained continuously in the county jail until sentenced and then was transferred to Sing Sing Prison. On October 4, 1935, he was transferred to Great Meadow Prison; and, on April 17, 1937, he was transferred to Dannemora State Hospital. He remained at Dannemora State Hospital until April 13, 1966, when he was transferred, under commitment, to Central Islip State Hospital. On May 20, 1966, claimant signed an application for voluntary hospitalization and, allegedly thereafter, his status changed from a hospitalization under commitment to a voluntary hospitalization. On December 1, 1966, an honor card was issued and overnight visits with his family were approved. He visited his home on several occasions between that date and his discharge from the hospital on May 11, 1967.
It was the State’s contention, set forth in its counsel’s moving affidavit, that the claimant was not legally disabled on and after April 13, 1966, the date of transfer to the civil State mental institution; and, therefore, that the claim filed on April 26,1969 was not filed in accordance with section 10 of the Court of Claims Act. At this point in the Assistant Attorney-General’s argument, he obviously considered that the last sentence of section 10 (subd. 5) of the Court of Claims Act applied to claimant’s situation and that claimant had not complied with the two-year provision! Said sentence reads, “ But if the claimant shall be under legal disability, the claim may be presented within two years after such disability is removed. ” This sentence was construed in Weber v. State of New York (267 App. Div. 325, 327 [Third Dept., Jan., 1944]) when Justice Bliss, writing for a unanimous court, stated: “ It is urged by the State that this last-quoted sentence does not eliminate the necessity of a claimant’s filing the notice of intention within ninety days as mentioned in subdivision 3 of secton 10. We find no reason for such an interpretation of the statute. To say that although a claimant was under legal disability, he still had to file a notice of intention within ninety days after the accident would be to read something into the statute which is not there *585 and which, would make it entirely meaningless. A tort claimant who is not under legal disability, or has no reasonable excuse for failure, must file his claim within ninety days. He may avoid this only by filing a notice of intention within that period in which event his time to file the claim itself is extended to two years after the accrual of the claim. But a claimant who is under legal disability is compelled only to present his claim within two years after the disability is removed. Infancy, along with incompetency, habitual drunkenness, and the like, are legal disabilities.” (See, also, Cawthorne v. State of New York, 199 Misc. 1078, 1079 ; McCabe v. State of New York, 58 Misc 2d 823, 827.)
In Gershinsky v. State of New York (6 A D 2d 964 [Third Dept., July, 1958], affd. without opn. 6 N Y 2d 798) it was stated at pages 965 and 966: “ The State contends that the claim is barred by the 2-year Statute of Limitations, on the ground that even though claimant was under a disability by reason of section 510 of the Penal Law, as he was in prison, upon his release his disability ceased * * *. We agree. * * * Subdivision 5 of section 10 of the Court of Claims Act provides that if a claimant is under a disability he may sue within two years after the disability ceases. Section 28 of the Civil Practice Act essentially defines 1 disability ’ as one existing at the time the cause of action accrues. Here claimant had such a disability * * *. According to the clear wording of the statute, claimant was required to sue the State within two years of the end of that disability. * * * subdivision 5 of section 10 * * * obviously refers to a disability existing when the cause of action accrues, and it requires suit within two years of the cessation of that disability. ’ ’
When the Assistant Attorney-General submitted his memorandum of law, he also urged the applicability of the decision of Boland v. State of New York (35 A D 2d 855 [Third Dept., Nov., 1970]) to this claim. We do not find that said decision applies to the fact situation herein presented. In the instant claim, Vitello pleaded guilty to a felony and was sentenced to imprisonment in a State prison for a term of five years. At that point in time (June 12, 1935), Vitello was under a legal disability. (See Civ. Prac. Act, § 28. See, also, Civ. Prac. Act, § 60 and CPLR 208.) In our opinion, this legal disability attached to and followed the claimant during his compulsory shift to Dannemora State Hospital for the Criminal Insane; and, thence to Central Islip State Hospital, a civil State mental institution, and continued until his final discharge on May 11, *586 1967. We believe that Vitello’s “ change in status ” to a “ voluntary hospitalization” was merely an exercise in semantics and did not accomplish a change in his basic posture as a prisoner-patient. We note that on July 7, 1966, Mr. Vitello authorized an attorney to examine his hospital records and to make such application to the Supreme Court as was necessary to carry into effect such authorization. A Supreme Court order was obtained on August 23, 1966. We do not believe that this legal procedure, which was merely exploratory, caused a cessation in his legal disability to commence an action against another party; anymore than did his resort to the legal procedures of habeas corpus and coram nobis.
We find that this claim accrued while the claimant was under a legal disability. He, therefore, had the right to file his claim within two years after the legal disability ceased, or within two years after May 11, 1967. As his claim was filed on April 26, 1969, it was filed within the statutory period set forth in the Court of Claims Act (§ 10, subd. 5).
We deny the State’s motion to dismiss this claim for failure to file within the statutory time limitations. We discharge the order which stayed the holding of the examination before trial of the State pursuant to my order filed in the office of the Clerk of the Court of Claims on April 29, 1971. Said examination before trial shall commence no later than July 20, 1971 and shall continue on consecutive working days until completed.